C. Joe COOK, Plaintiff,

v.

The TRAVELERS COMPANIES,
a Connecticut Corporation,
Defendants.

No. 95 C 5110.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 20, 1995.

James J. Bromberek, Russell John Heitz, John Justin Wyeth & Associates, Naperville, IL, for C. Joe Cook.

Allison Carol Blakley, Douglas M. Werman, Fox and Grove, Chartered, Chicago, IL, for Travelers Companies.

### MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff C. Joe Cook, a former employee of defendant, was discharged in January 1994. On June 29, 1995, plaintiff filed a two count complaint in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois alleging: that defendant paid him less severance than he was entitled to in breach of contract (Count I); and that defendant terminated plaintiff based on his age (59 years old at the time of his termination) in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (Count II).

After filing his complaint, plaintiff's counsel mailed a copy of the complaint and summons to Richard A. Fortier ("Fortier"), defendant's in-house counsel, who received the copy on July 5, 1995. Along with the complaint plaintiff's counsel sent a cover letter

stating that although the enclosed complaint and summons had been filed, in the hope of reaching a quick settlement plaintiff had "neither attempted to place the enclosed complaint and summons for service upon [defendant] nor will [plaintiff] take any action in court regarding this matter until we have an opportunity to discuss with you whether a settlement is possible at this stage." In a responsive letter dated July 10, 1995, Fortier informed plaintiff's counsel that defendant was not willing to settle with plaintiff. Defendant was formally served with plaintiff's complaint on August 16, 1995. On September 7, 1995, defendant removed the action to this court based on diversity and federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 1441(b).

Plaintiff moves to remand his complaint asserting, among other things, that removal was untimely because defendant received a copy of the complaint on July 5 and removed the case more than thirty days after that date. Defendant argues that the thirty day period provided for in 28 U.S.C. § 1441(b) should not begin to run until August 16, the date defendant was formally served, or in the alternative, that plaintiff should be estopped from arguing that removal was untimely by the substance of his cover letter.

■■■ Pursuant to § 1446(b), "[r]emoval must be effected within thirty days after a defendant *receives a copy of the state court complaint, or is served, whichever occurs first.*" *Northern Illinois Gas Co. v. Airco Industrial Gases,* 676 F.2d 270, 273 (7th Cir.1982) (emphasis added); *Ponce v. Alitalia Linee Airee,* 840 F.Supp. 552, 554 (N.D.Ill.1994). Actual service is not required; rather, "[a]ll that is required is that the defendant receive, through service or otherwise, a copy of an 'initial pleading' from which the defendant can ascertain that the case is one which is or has become removable." *Dial–In, Inc. v. ARO Corporation,* 620 F.Supp. 27, 28 (N.D.Ill.1985). Moreover, the thirty day period in § 1446(b) "is mandatory and cannot be extended by consent of the parties or by court order." *Id.,* 620 F.Supp. at 29.

■■■ There is no dispute that defendant received a copy of the complaint on July 5, 1995, and thereby had complete knowledge of the facts demonstrating diversity and federal subject matter jurisdiction on that date. Defendant's actual knowledge of the issues in the complaint is confirmed by its letter dated July 10, 1995. *Northern Illinois Gas,* 676 F.2d at 273 fn. 1 (counsel's receipt of the complaint prior to formal service, absent proof that counsel did not timely inform his client of the receipt of a complaint, constitutes effective receipt under § 1446(b)). Under controlling precedent, the court finds that for purposes of § 1446(b) the thirty day period began to run on July 5, 1995.

Further, the court rejects defendant's estoppel argument. Contrary to defendant's position, plaintiff's counsel did not state that the state court action had not "commenced"; rather, he stated that he would not "take any action in court" (i.e., the court in which the action had been commenced) pending settlement discussions. Significantly, defendant knew it was uninterested in settlement five days after it received plaintiff's letter and the copy of the complaint and summons (which informed defendant of the grounds for removal). Even if defendant's estoppel argument had merit, at this point, at the very latest, defendant's 30 day removal period would have begun to run. Its filing of the notice of removal some two months later was simply too late.

### Conclusion

For the reasons set forth above, the court grants plaintiff's motion to remand this case to the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois, and directs the Clerk of Court to mail the certified copy of the remand order forthwith.