**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-20680

_____

LIZZIE REECE,

                                        Plaintiff-Appellant,

VERSUS

WAL-MART STORES, INC.,
and
DENNIE ASHLEY,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

October 21, 1996

Before JONES, SMITH, and STEWART, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Plaintiff Lizzie Reece appeals the denial of her motion to remand to state court.  We reverse and remand.

I.

Reece filed this state law tort suit against Wal-Mart Stores, Inc. ("Wal-Mart"), and one of its employees, Dennie Ashley, in state court.  Reece's attorney promptly mailed a file-stamped copy of her original petition, along with a cover letter suggesting that

the parties negotiate a settlement, to Wal-Mart's chief executive officer ("CEO"), David Glass. Reece did not obtain service of process on Wal-Mart until approximately two months later.

Wal-Mart filed a notice of removal, alleging that Reece had fraudulently joined Ashley for the sole purpose of defeating diversity jurisdiction. Wal-Mart filed the notice seventy-seven days after receiving a copy of Reece's petition but only seventeen days after service of process.

Reece moved to remand, contending that the notice of removal was untimely and that Ashley was a proper defendant. The district court denied Reece's motion and dismissed the action against Ashley for failure to state a claim. At the conclusion of a trial on the merits, the court entered judgment as a matter of law in favor of Wal-Mart. On appeal, Reece contests only the denial of her motion to remand.

II.

Reece contends that the district court erred in concluding that the period for removal began when Wal-Mart received formal service of process rather than when it received a copy of the original petition by mail. We agree.[1]

A.

**As the motion to remand presents a question of law, our review**

---

[1] Accordingly, we do not reach Reece's contention that she did not join Ashley fraudulently.

is *de novo.*  *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).  "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief . . . ." 28 U.S.C. § 1446(b) (1994) (emphasis added).  Thus, according to the statute, the thirty-day period begins when the defendant receives a copy of the initial pleading through *any* means, not just service of process.[2]  As Wal-Mart filed its notice of removal more than thirty days after receiving a copy of Reece's original petition, removal was untimely.

## B.

Wal-Mart contends that we should disregard the plain language of § 1446(b) and hold that the period for removal begins only upon formal service of process.  Wal-Mart explains that a "service rule," unlike the "receipt rule," is consistent with congressional intent, as expressed in § 1446's legislative history, to protect, rather than limit, the right to remove.

"[T]he statute is the sole repository of congressional intent where the statute is clear and does not demand an absurd result." *Free v. Abbott Lab. (In re Abbott Lab.)*, 51 F.3d 524, 529 (5th Cir. 1995).  Beyond a deferential review for absurdity, "the wisdom of the statute is not our affair."  *Id.*  Moreover, "restricting

---

[2] *Roe v. O'Donohue*, 38 F.3d 298, 302-03 (7th Cir. 1994); *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 968 (6th Cir. 1993).

removal to instances in which the statute clearly permits it . . . is consistent with the trend to limit removal jurisdiction and with the axiom that the removal statutes are to be strictly construed against removal." *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986) (footnotes omitted).

The plain language of § 1446 does not produce an absurd result. First, "[t]he purpose of [§ 1446(b)] . . . was to make uniform the time for filing petitions for removal." *Weeks v. Fidelity & Cas. Co.*, 218 F.2d 503, 504 (5th Cir. 1955). Naturally, the uniform federal standard both protects defendants against harms they would suffer *and* deprives them of benefits they would receive under the vagaries of state service-of-process laws.

Second, the receipt rule is consistent with "Congress' intent to resolve swiftly removal issues, as reflected in the removal and remand statutes." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 n.16 (5th Cir. 1995). The first sentence of § 1446(b) states that the time to remove begins upon receipt "of a copy of the initial pleading setting forth the claim for relief"; the second sentence provides that if the case is not initially removable, the time to remove begins upon receipt of any "paper from which it may first be ascertained that the case is one which is or has become removable . . . ." Thus, read as a whole, the statute expresses a policy preference that removal occur as soon as possible, i.e., within thirty days after the defendant receives a pleading or other paper confirming that a removable case has been filed against it.

If a defendant already possessed a copy of the initial pleading, formal service of process would not provide it with any additional information relevant to its decision on whether to remove. Thus, the "receipt rule" is faithful to Congress's express intent to resolve the threshold question of forum as early as possible.

Wal-Mart observes that the receipt rule would require it to risk waiving any objections to service, jurisdiction, or venue in order to remove timely. Even if we assume, *arguendo,* that a defendant might waive state service-of-process requirements or other protections by removing, the plain language of § 1446(b) does not produce thereby an *absurd* result; instead, it reflects a legislative policy judgment that the receipt rule's benefits outweigh its detriments.[3]

We recognize that the receipt rule is subject to abuse. *See, e.g., Tech Hills II*, 5 F.3d at 966 (delivery to security guard at closed building). This case does not present such a scenario, however. Reece's attorney mailed Wal-Mart (1) a copy of her initial petition that had been file-stamped by the clerk of the

---

[3] Wal-Mart asserts that as a defendant becomes a party to a lawsuit only upon receiving service of process, the receipt rule is inconsistent with our observation that "no non-party to a state court proceeding has a mature right to remove that proceeding to federal court." *F.D.I.C. v. Loyd*, 955 F.2d 316, 326 (5th Cir. 1992). We have limited *Loyd* to the unusual factual situation presented in that case: A litigant that was not named as a party when the suit was filed later was substituted as a defendant. *See T.H. Inc. v. 6218 Investors*, 41 F.3d 235, 237 (5th Cir. 1995).

As § 1446(b) states that the time to remove begins upon receipt of a copy of the initial pleading *through any means*, it plainly contemplates that the time to remove might begin prior to service. Thus, assuming *arguendo* that Texas law does not consider a defendant to be a party until it has been served, that state law characterization is irrelevant.

state court and (2) a letter stating: "I have attached a copy of the petition *filed in State District Court* against Wal-Mart Stores, Inc. and the store manager, Dennie Ashley" (emphasis added). As Reece's mailing put Wal-Mart on notice that a removable suit already had been filed against it, Wal-Mart could not reasonably have been misled by Reece's communication.[4]

Wal-Mart contends that the need to police potential abuses will make the receipt rule unworkable. Accordingly, it proposes that the time to remove should begin upon either (1) formal service of process or (2) receipt of a copy of the initial pleading through another means while the plaintiff was making a good-faith attempt at service.

A judicially-imposed "attempt" requirement would be inconsistent with Congress's express intent, for it would delay needlessly the resolution of the threshold issue of forum without providing any additional notice to the defendant. Moreover, we have declined twice before to eschew the plain language of § 1446 for fear of future abuse. *See Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir. 1992); *Brown*, 792 F.2d at 482. We hold, once again, that while "it is within the equitable power of the court to consider . . . exceptional circumstances on a case-by-case basis," *Doe*, 969 F.2d at 169, the potential for abuse does not justify abandonment of the statute's plain language in an unexceptional case.

---

[4] We limit our holding to these facts and leave for another day the proper result when a defendant has no adequate notice of filing.

## C.

Alternatively, Wal-Mart contends that Reece's mailing did not trigger the thirty-day period for removal because (1) the copy of the initial pleading was unsigned and therefore was not a proper initial pleading under state law; and (2) Reece sent it to a corporate officer who was not authorized to receive service of process. As Congress intended the removal statutes to have uniform nationwide application, the effect of these alleged state law violations on the removal period is a question of federal law, unaffected by state law definitions or characterizations. *Brown*, 792 F.2d at 480.

### 1.

While Wal-Mart is correct that Reece's attorney failed to sign his initial pleading, in violation of TEX. R. CIV. P. 45(d), we conclude that this technical defect did not prevent his notice from triggering the removal period. First, § 1446(b) states that the removal period begins when the defendant receives an initial pleading, not a *proper* initial pleading. The unsigned petition is indisputably a pleading that states the plaintiff's claims.[5]

Second, Texas law treats an attorney's failure to sign a pleading as a technical defect, not a jurisdictional one. *W.C. Turnbow Petroleum Corp. v. Fulton*, 194 S.W.2d 256, 257 (Tex. 1946).

---

[5] *Cf. Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir.) (holding that bill of discovery was not "initial pleading" because it did not state plaintiff's claim), *cert. denied*, 115 S. Ct. 322 (1994).

Thus, "failure to comply with the requirement is not fatal to the pleading." *Id.*

Finally, the lack of a signature could not reasonably have caused Wal-Mart to believe that the petition had not been filed, for the petition itself bore a state court file stamp, and Reece's cover letter stated that it had been filed.[6] Because the technical state law violation did not affect the efficacy of notice, it did not permit Wal-Mart to delay.

2.

We are tempted to incorporate state service of process laws in determining the appropriate method of providing notice to a corporation, but state standards vary far too widely to provide a useful benchmark for a uniform federal standard.[7] In addition, the vagaries of state law regarding which corporate officers are subject to service bear no relation to the notice concerns underlying § 1446(b).

The Sixth Circuit has held that "delivery at defendant's place of business on a Saturday, when the offices are closed, to a security guard, who is not authorized to receive service on behalf

---

[6] Wal-Mart contends that in light of rule 45, a defendant reasonably could conclude that an unsigned petition lacks legal effect and therefore could decline to remove. Ignorance of the law does not excuse failure to comply with it, however. *See Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423-24 n.2 (5th Cir. 1990).

[7] *Compare* Miss. R. Civ. P. 4(d)(4) (permitting service upon any officer) *with* La. Code Civ. P. art. 1261 (1984) (permitting service upon the corporation's designated agent or, if there is not one, upon any officer) *with* Tex. Bus. Corp. Act art. 2.11 (permitting service upon selected officers). *Cf.* Fed. R. Civ. P. 4(h) (permitting service upon any officer).

of the corporation, is not receipt under the removal statute." *Tech Hills II*, F.3d at 968. The court found that the corporation received the complaint on the following Monday, when it was delivered to an authorized representative. *Id.*

We agree that a corporation is not deemed to have received a petition just because any one of its employees has received it. We decline to establish a bright-line rule regarding the meaning of "receipt" by a corporation, however, in part because the present case does not present a good vehicle for doing so.

Reece's attorney sent the pleading to Wal-Mart's CEO§§a person whom she reasonably could assume to be responsible and sufficiently familiar with legal matters to forward the pleading to the proper individual or department within the company§§and received a return receipt. As this method of delivery is a perfectly sensible way to notify a responsible individual within the corporation, we conclude that Wal-Mart "received" a copy of Reece's initial pleading on the date that its representative signed for the letter.

Accordingly, we REVERSE the order denying remand, VACATE the judgment, and REMAND with instruction to remand to state court.