Tracey L. SCHNEEHAGEN
and Erik Brashears

v.

Douglas K. SPANGLE and Arrow
Moving and Storage Co., Inc.

Civil Action No. G–97–427.

United States District Court,
S.D. Texas,
Galveston Division.

Sept. 9, 1997.

Keith M. Fletcher, Simmons & Fletcher, Houston, TX, for Plaintiffs.

David J. Demars, Demars Hornblower Manning & Ward, PC, for Defendants.

### ORDER DENYING PLAINTIFFS' MOTION TO REMAND

KENT, District Judge.

Now before the Court is Plaintiffs' Motion to Remand of August 20, 1997. For the reasons set forth below, Plaintiffs' motion is **DENIED.**

Plaintiffs were involved in a vehicular accident on January 29, 1997. On May 20, 1997, Plaintiffs sent an unfiled copy of what later became Plaintiffs' Original Petition to Defendants' insurance adjuster advising of the future lawsuit and encouraging settlement.

Plaintiffs then filed suit in Galveston state court and served Defendants with a copy of the filed petition on June 25, 1997. Defendant then filed Notice of Removal on July 22, 1997, less than thirty days after it received a copy of the filed petition, but more than thirty days after receiving a copy of the unfiled petition. Defendants' removal was based upon this Court's diversity jurisdiction under 28 U.S.C. § 1332.

Plaintiffs concede that diversity jurisdiction is proper in this case. The only issue before the Court is the timeliness of Defendants' Notice of Removal. Plaintiffs contend that sending a copy of their unfiled petition to Defendants' insurance adjuster constitutes notice as described in 28 U.S.C. § 1446(b), and therefore triggered the thirty day time limit for the Defendant to file notice of removal as required by the rule. Section 1446 provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a *copy of the initial pleading.*

28 U.S.C. § 1446(b) (emphasis added). If, as Plaintiffs argue, an unfiled petition triggers the limitations period for removal within § 1446, Defendants' Notice of Removal would be untimely and Plaintiffs' Motion to Remand would be granted.

Although the Court appreciates Plaintiffs' creative argument, it fails for two reasons. First, § 1441 clearly requires a case to be "brought in State court" before it can be removed. *See id.* § 1441. Thus, if the action is not yet filed, the removal provisions, including those pertaining to the thirty-day time limit to remove an action, are inapplicable. *See Burr v. Choice Hotels Intern., Inc.,* 848 F.Supp. 93, 95 n. 2 (S.D.Tex.1994) (noting that removal is only permitted when an action is actually filed). Second, even if § 1446(b) were applicable, it specifically provides that the time period for removal begins after receipt of the initial pleading "upon which such action or proceeding is based." *See* 28 U.S.C. § 1446(b).[1] Until the state

---

1. According to the Fifth Circuit, "[A] statute is    the sole repository of congressional intent where

court action is filed, no action or proceeding yet exists. Thus, although courteous, the copy of plaintiffs' unfiled petition that was received by Defendants' insurance carrier had no legal relevance and was insufficient to trigger the limitations period of § 1446.

In support of their motion, Plaintiffs rely upon *Reece v. Wal–Mart Stores, Inc.,* 98 F.3d 839 (5th Cir.1996). In *Reece* the defendant failed to timely file notice of removal after receiving a copy of the filed petition in the mail. *See id.* at 841. The defendant, however, claimed that the limitations period was not triggered until formal service of process was actually received, some two months later. The Fifth Circuit rejected the defendant's argument, holding that receiving a copy of a filed petition is sufficient for purposes of § 1446. *See id.* at 842 (adopting the receipt rule). The case before this Court involves a different issue. Here, Plaintiffs claim that the limitations period of § 1446 was triggered when Defendant received in the mail an *unfiled* copy of what *later became* Plaintiffs' petition. Thus, Plaintiffs' reliance upon *Reece* is misplaced. Indeed, as this Court has stated, "Until the state court action is filed, there is no action or proceeding, and the Plaintiff's 'pleading' is nothing of the kind: it is only a draft of something of which the Plaintiff contemplates *will become* a pleading upon filing." *See Burr,* 848 F.Supp. at 95 n. 2.

It appears to the Court that Plaintiffs sent a copy of the unfiled petition as a good faith attempt to settle this matter.[2] On the assumption of such benevolent motivation, the Court sincerely appreciates Plaintiffs' efforts to avoid litigation. However, if the Court were to adopt a rule allowing an unfiled petition to serve as the copy required to trigger the thirty-day time period under § 1446, more sinister plaintiffs could defeat the removal statute altogether. A plaintiff could ensure remand simply by sending an unfiled copy of its state court petition to the defendant thirty-one days before filing suit. Certainly this was not the intent of Congress when drafting the removal statute.[3]

Plaintiffs' Motion to Remand is **DENIED.** The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like, unless justified by a compelling showing of new evidence not available at the time of the instant submissions.

**IT IS SO ORDERED.**

---

the statute is clear and does not demand an absurd result." *Free v. Abbott Lab. (In re Abbott Lab.),* 51 F.3d 524, 529 (5th Cir.1995). Here the statute is quite clear.

2. Although given Plaintiffs' current position, it could be equally argued that the tender of advance copy was a markedly manipulative device calculated solely to frustrate subsequent removal.

3. In Defendants' Response To Plaintiffs' Motion To Remand, Defendants argue that notice of suit received by Defendants' insurance carrier is insufficient to trigger § 1446 because the carrier is not the defendant or its authorized agent as required by the removal statute. The Court need not reach this issue.