John BARR

v.

ZURICH INSURANCE COMPANY.

No. CIV.A. G–97–615.

United States District Court,
S.D. Texas,
Galveston Division.

Dec. 9, 1997.

Tommy James Stickler, Jr., DeWitt Law Firm, Alvin, TX, for plaintiff.

Byron G. Lee, Carol P. Keough, Coats Rose Yale, et al., Houston, TX, for defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

KENT, District Judge.

Plaintiff was injured in an automobile accident. He filed this case in Brazoria County state court on August 21, 1997, seeking coverage pursuant to an alleged insurance policy. Defendant subsequently removed the case on October 22, 1997. Now before the Court are Plaintiff's Motion to Remand and Plaintiff's Motion to Amend Complaint. For the reasons that follow, Plaintiff's Motion to Remand is **GRANTED,** and this case is remanded to the 149th District Court of Brazoria County, Texas. Plaintiff's Motion to Amend Complaint is therefore not reached.

The time period for removal of this action is governed by 28 U.S.C. § 1446(b), which provides in pertinent part:

> The Notice of Removal of a civil action or proceeding shall be filed within 30 days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

Plaintiff argues that this case should be remanded because Defendant's removal was untimely. Conversely, Defendant argues that notice of the lawsuit was not received by someone with sufficient knowledge to forward the suit to the proper party for handling, and therefore, the thirty-day limitation of § 1446 was not triggered.

Defendant is a foreign corporation with its principal place of business in Illinois. It is undisputed that Plaintiff mailed Defendant's registered agent for service in Texas a copy of the state-court petition via certified mail. Moreover, it is undisputed that a mail clerk within the registered agent's office signed for the service on August 25, 1997 and that the petition was then forwarded to Defendant's corporate headquarters, where it was placed in the wrong file. Defendant, however, asserts that it did not actually have notice of this lawsuit until Plaintiff sent another copy of the state-court petition to its attorney on October 13, 1997. The case was removed fifty-eight days after the mail clerk signed for the letter, but less than ten days after Defendant's counsel received a copy of the state-court petition.

The issue before the Court is the proper interpretation of the word "receipt" found in § 1446(b). If receipt of the state petition by what Defendant calls a "temporary mail clerk"[1] of Defendant's registered agent is "receipt" as contemplated by § 1446(b), then remand is proper because it is clear that this case was not timely removed. On the other hand, if the thirty-day limitations period was not triggered until the petition was received by Defendant's attorney, then removal was timely.

▇▇▇ At the outset, the Court notes that § 1446 is interpreted strictly against removal, and removal is restricted to those instances clearly permitted by statute. *See Brown v. Demco, Inc.,* 792 F.2d 478, 482 (5th Cir. 1986); *Clinton v. Hueston,* 308 F.2d 908, 910 (5th Cir.1962) ("If any presumption exists it is that a case is outside federal jurisdiction."); *Walters v. Grow Group, Inc.,* 907 F.Supp. 1030, 1032 (S.D.Tex.1995) (noting that removal statutes are strictly construed and every doubt concerning the propriety of removal is resolved against the removing defendant); *Burr v. Choice Hotels Int'l, Inc.,* 848 F.Supp. 93, 94–95 (S.D.Tex.1994) (noting that if a defendant does not exercise its removal right diligently, it waives that right). Moreover, § 1446, read as a whole, expresses a policy preference that removal occur as soon as possible. *Reece v. Wal–Mart Stores, Inc.,* 98 F.3d 839, 842 (5th Cir.1996). The Fifth Circuit, following the plain meaning of § 1446, has adopted the "receipt rule." *See Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.,* 5 F.3d 963, 968 (6th Cir.1993). The receipt rule provides that actual receipt of the complaint by a defendant, whether it be by formal service of process or otherwise, is sufficient to commence the thirty-day period of § 1446. *See id.* at 967. Thus, as a general rule, a complaint is considered received by a corporation when it is received by an agent authorized to accept service of process. *See id.* at 968.

Although Defendant relies upon the Fifth Circuit's holding in *Reece* that case actually offers little support for Defendant's arguments proffered here. Instead, *Reece* simply states in dicta that receipt by one of a corporation's many employees is insufficient to trigger the thirty-day limitations period of § 1446, but receipt by the corporation's CEO—a person one could reasonably assume to be responsible and sufficiently familiar with legal matters—is sufficient. *See id.* at 844. Indeed, although the receipt rule has

---

**1.** Defendant disputes Plaintiff's characterization of this individual as an "employee" of the registered agent; instead, Defendant characterizes this individual as a "temporary mail clerk." Moreover, Defendant takes issue with the use of the word "misfiled" when Plaintiff discusses the whereabouts of the state-court petition after it reached Defendant's corporate headquarters. Instead, Defendant argues that the petition was placed in the wrong file.

been adopted, the Fifth Circuit in *Reece* expressly declined to "establish a bright-line rule regarding the meaning of 'receipt' by a corporation ...." *See id.* at 843. Likewise, because it is clear that "receipt" as contemplated in § 1446 occurred in this case, it is not necessary today that this Court determine the exact parameters of the word "receipt."

A review of the facts of this case reveals that Defendant's removal was untimely. Plaintiff sent by certified mail, return receipt requested, his state-court petition to an agent *designated* by Defendant.[2] Plaintiff's petition was received and accepted by an individual at that agent's office. That same individual signed the receipt[3] and forwarded the state-court petition to Defendant's corporate headquarters. Thereafter, the petition was apparently placed in the wrong file and therefore, according to Defendant, was not acted upon until Defendant learned of the suit through other means. Thus, fifty-eight days after the agent received the petition, Defendant removed this case. This is not a case where Plaintiff served one of Defendant's many employees. This is not a case where Plaintiff simply mailed the petition to the Defendant's general mailing address. Instead, it is clear to the Court that Plaintiff did everything as required by statute. He mailed his state-court petition to Defendant's registered agent. Registered agents exist to receive process; they are in the business of receiving legal correspondence. Defendant chose this one.

Unlike the situation where it is unreasonable to allow a plaintiff to give notice of suit by serving the run-of-the-mill corporate employee, this case involves service upon an individual working in the mail room employed by a designated agent. It behooves corporations to select registered agents who employee individuals trained to handle such matters.

Irrespective of the training received by the agent's mail clerk in this case, it appears that the registered agent and his mail clerk did everything required—when the agent received the petition, which was personally addressed to him, he forwarded it to Defendant's corporate headquarters. Presumably, the agent handled this petition as he had others before. Once at corporate headquarters, the petition was misfiled by *Defendant's* employees. For Defendant to argue that the limitation period did not trigger because the agent himself did not sign the receipt, or because personnel at Defendant's corporate headquarters misplaced or misfiled the petition, is ludicrous.[4] Although it is clear that service on *any* corporate employee is insufficient to give notice of suit, it would be unreasonable, overburdensome, and unfair to require a plaintiff to ensure competence of the individuals who receive the citation and petition *from* the registered agent.[5] Indeed, it is virtually impossible for a plaintiff to ensure that the registered agent properly forwards the petition to the corporation or that personnel receiving correspondence from the registered agent file it correctly so

---

2. Defendant's registered agent acted as registered agent for more than one corporation.

3. Apparently, it is common practice for Defendant's registered agent to have someone other than himself sign for registered mail. Indeed, in another instance between these parties, another employee of the agent signed for registered mail. In that instance, Defendant did not challenge that employee's authority to accept service for the agent, nor did Defendant assert that it had received no notice.

4. Neither party states the exact date on which Defendant personnel actually received and misfiled the petition. The Court expressly notes that this is not a case where Defendant argues that the time period from which its corporate headquarters actually received the petition to the time of removal was less than thirty days. In other

words, the Court assumes that the registered agent did not tarry in forwarding the petition to corporate headquarters. *See Walters*, 907 F.Supp. at 1032 (opining that every doubt concerning the propriety of removal should be resolved against the removing defendant). If this were a case where a registered agent's *employee* received and signed for a petition and then *failed* to forward it to the defendant within the time required to allow that defendant to timely remove the case, the issue would be much closer; however, because registered agents exist to accept and forward legal correspondence, the result would be the same.

5. This case is more analogous to the situation where a defendant refuses to sign and return the acknowledgment than it is to the situation where a plaintiff simply gives a copy of his state-court petition to a run-of-the-mill corporate employee.

as to give notice to proper corporate personnel. Acceptance of Defendant's arguments would require adoption of a rule which would ultimately undermine the theory behind designating a registered agent. Defendants have some responsibility in this process. Thus, in regards to receipt pursuant to § 1446, this Court will not police the relationship between a registered agent selected by a corporation and the corporation itself.

Accordingly, Defendant "received" a copy of Plaintiff's initial pleading as required by § 1446(b) on the day that the registered agent's mail clerk signed for the letter. Because Defendant's removal was untimely, Plaintiff's Motion to Remand is **GRANTED**, and this case is remanded to the 149th District Court of Brazoria County, Texas, pursuant to 28 U.S.C. § 1447(c). Plaintiff's Motion to Amend Complaint is not reached. The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the courts of the State of Texas, as may be appropriate in due course. *See* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise ...."); *Hopkins v. Dolphin Titan Int'l, Inc.,* 976 F.2d 924, 925 (5th Cir.1992) (holding that a remand of a maritime claim for lack of removal jurisdiction may not be reviewed by appeal or otherwise).

**IT IS SO ORDERED.**