James B. BOYLES, Plaintiff,

v.

JUNCTION CITY FOUNDRY, INC., Defendant.

No. 97–4066–SAC.

United States District Court, D. Kansas.

Dec. 12, 1997.

Walter P. Robertson, Junction City, KS, for plaintiff.

Keith R. Henry, Weary, Davis, Henry, Struebing & Troup, Junction City, KS, for defendants.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

The case comes before the court on the plaintiff's motion to remand. (Dk.8). The plaintiff argues the defendant did not timely file its notice of removal. The defendant argues essentially that the plaintiff should be equitably estopped from challenging the timeliness of the defendant's notice.

On February 19, 1997, the plaintiff filed a petition in the District Court of Geary County, Kansas, alleging employment discrimination in violation of Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.* After filing his petition in state court, the plaintiff's counsel sent a copy of the petition along with a letter to Keith Henry, a Junction City attorney who had been representing the defendant in settlement negotiations regarding this employment dispute. According to the defendant, the plaintiff's counsel had submitted a settlement offer on February 18, 1997.

The defendant concedes that on February 20, 1997, Mr. Henry received a copy of the state court petition and a handwritten note from the plaintiff's counsel that said he "was holding service until 'we can talk about the issue of settlement.'" (Dk.9).[1] The defendant's counsel responded the same day to the plaintiff's counsel with a letter. The plaintiff attaches that letter addressed to his attorney from Mr. Henry dated February 20, 1997, which states, in pertinent part:

---

1. Though saying that a copy of this handwritten note was attached and marked as Exhibit 1, the defendant failed to do so.

This is to acknowledge receipt of the settlement proposals from James Boyles and Wade Johnson, and of the Petition for suit against the Foundry by Mr. Boyles. I have sent them on to my client for review and response and will advise as soon as I hear something.

It appears undisputed that Mr. Henry immediately forwarded the petition to his client.

The defendant says that on April 2, 1997, it rejected the plaintiff's settlement offer by letter to the plaintiff's counsel. The defendant filed its notice of removal in federal court on April 3, 1997. As grounds for removal, the defendant recited in the notice that the plaintiff filed the ADEA action in state court on February 19, 1997, that no process and service of summons had been commenced, and that no other pleadings had been filed.

■ The plaintiff moves to remand arguing that the thirty-day period for filing a notice of removal commences upon receipt of the complaint even if service has not been obtained. The defendant does not take issue with the "receipt rule" followed in this district but argues there are other "reasons" here for not enforcing this requirement. One reason, according to the defendant, is the plaintiff's counsel's representation that service would be withheld pending settlement discussions. The defendant says it removed the action on the same day it rejected the plaintiff's settlement offer. The defendant says another reason is that the plaintiff only filed suit to keep the limitations bar from taking effect while settlement was being discussed.

■ Being a creature of statute, removal comes with certain procedures and requirements that are mandatory by nature. *Henderson v. Holmes,* 920 F.Supp. 1184, 1186 (D.Kan.1996) (and cases cited therein). "[R]emoval statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108, 111 (3rd Cir.1990) (quoting *Steel Valley Auth. v. Union Switch and Signal Div.,* 809 F.2d 1006, 1010 (3rd Cir.1987), *cert. dismissed,* 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988)),

*cert. denied,* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991); *see Reece v. Wal–Mart Stores, Inc.,* 98 F.3d 839, 841 (5th Cir.1996) ("'[R]estricting removal to instances in which the statute clearly permits it ... is consistent with the trend to limit removal jurisdiction and with the axiom that the removal statutes are to be strictly construed against removal.'" (quoting *Brown v. Demco, Inc.,* 792 F.2d 478, 482 (5th Cir.1986))). The burden is with the removing party to show that removal was properly accomplished. *Henderson v. Holmes,* 920 F.Supp. at 1186; *Christian v. College Boulevard Nat. Bank,* 795 F.Supp. 370, 371 (D.Kan.1992).

■ By statute, the notice of removal must "be filed within thirty days after the *receipt* by the defendant, *through service or otherwise,* of a *copy* of the *initial pleading* setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b) (italics added). "Thus, according to the statute, the thirty-day period begins when the defendant receives a copy of the initial pleading through *any* means, not just service of process." *Reece v. Wal–Mart Stores, Inc.,* 98 F.3d at 841 (citing *Roe v. O'Donohue,* 38 F.3d 298, 302–03 (7th Cir. 1994); *Tech Hills II Associates. v. Phoenix Home Life Mut. Ins. Co.,* 5 F.3d 963, 968 (6th Cir.1993)). The "receipt rule" is followed in this district and is consistent with the strict construction given removal statutes. *Patel v. Moore,* 968 F.Supp. 587, 589 (D.Kan.1997); *Spreeman v. HealthSouth Corporation,* No. 96–1366, 1996 WL 129814, at *1 (D.Kan. Feb. 27, 1996); *Management Network Group, Inc. v. ITC Group, Inc.,* No. 95–2063, 1995 WL 351393, at *1–*2 (D.Kan. May 23, 1995); *Rothwell v. Durbin,* 872 F.Supp. 880, 881 (D.Kan.1994). The thirty-day time limitation is not a jurisdictional requirement, but it is a procedural requirement that is strictly enforced. *Henderson v. Holmes,* 920 F.Supp. at 1187; *First Nat. Bank & Trust Co. v. Nicholas,* 768 F.Supp. 788, 790 (D.Kan.1991).

Since it is not disputed, the court assumes the defendant received a copy of the plaintiff's petition shortly after it was mailed on February 19, 1997, and no later than Febru-

ary 24, 1997.[2] The defendant filed the notice of removal more than thirty days later. Absent some basis for not enforcing this procedural requirement, the case must be remanded.

The defendant states that "it can find no definition of what would be a reason to refuse to enforce the statutory time requirements for removal, and suggests that settlement discussions are such a reason, particularly, as here, where service of summons is withheld pending those discussions." (Dk.9, p. 2). The defendant offers no legal authority for its position other than to distinguish *North Jersey Savings & Loan Ass'n v. Fidelity & Deposit Co.*, 125 F.R.D. 96 (D.N.J.1988).[3] The court found several cases where the plaintiff sent courtesy copies of filed petitions along with letters indicating that service would not be completed until settlement possibilities had been discussed. *See Reece v. Wal–Mart Stores, Inc.*, 98 F.3d at 841; *Carter v. Building Material and Construction Teamsters' Union Local 216*, 928 F.Supp. 997, 998 (N.D.Cal.1996); *Cook v. Travelers Companies*, 904 F.Supp. 841, 841–42 (N.D.Ill. 1995); *Southern Walls & Windows, Inc. v. Alply, Inc.*, No. 94–0632, 1994 WL 160491, at *1 (E.D.La. Apr.21, 1994). In each of those cases, the holding was that the § 1446(b) period commenced upon receipt of the complaint. More importantly, two of the cases expressly rejected the argument that the plaintiff should be equitably estopped from seeking remand because of the accompanying settlement letter. *Carter*, 928 F.Supp. at 1001; *Cook*, 904 F.Supp. at 842.

This court agrees with those decisions that equity is not offended by the plaintiff's letter. The plaintiff's letter did not mislead the defendant into thinking that the state action had not been brought or that the action was not otherwise removable.[4] The court sees no significance to the fact that the plaintiff brought the action during settlement negotiations in order to avoid the limitations bar. The defendant should have been on notice that its right to a federal forum depended on acting within thirty days of receipt of the petition. The removal is procedurally defective because of the defendant's untimely notice, and the case must be remanded.

IT IS THEREFORE ORDERED that the plaintiff's motion to remand (Dk.8) is granted, and the case is remanded to the District Court of Geary County, Kansas. The Clerk is directed to mail a certified copy of this order to the Clerk of the Geary County District Court.

**2.** It is to be noted that the defendant corporation makes no issue out of who first properly received the petition on behalf of the corporation. *See Reece v. Wal–Mart Stores, Inc.*, 98 F.3d 839, 843–44 (5th Cir.1996); *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 968 (6th Cir.1993). Though the defendant could have argued that its attorney's receipt of the petition is not the same as its receipt, *see Management Network Group, Inc. v. ITC Group, Inc.*, No. 95–2063–EEO, 1995 WL 351393, at *3 (D.Kan. May 23, 1995), it is undisputed that the defendant's counsel forwarded the plaintiff's petition to the defendant on February 20, 1997.

**3.** The court there held that the thirty-day period was triggered by receipt of a copy of a complaint which had not been file-stamped but was accompanied by a letter indicating that the complaint had been sent to the court for filing and that the plaintiff intended to go forward with the suit. The defendant Junction City Foundry here singles out the fact that the plaintiff there had represented its intent to go forward with the suit.

Unlike that decision, the plaintiff's intent and the defendant's understanding of it are not relevant here, because the defendant plainly was told that the plaintiff had filed suit the day before the petition was received.

**4.** This is not a case where the plaintiff sends a copy of a petition that has yet to be filed as an action. *See Schneehagen v. Spangle*, 975 F.Supp. 973, 973–74 (S.D.Tex.1997)(removal provisions, including the thirty-day limitation, are not applicable until the state court action is "brought" or filed); *Management Network Group, Inc. v. ITC Group, Inc.*, No. 95–2063–EEO, 1995 WL 351393 (D.Kan. May 23, 1995) (thirty-day period did not commence with receipt of a draft of an unfiled petition or with a later phone call informing the defendant's counsel that the petition had been filed). Nor is this an instance where the defendant did not learn of the case being removable except through papers disclosed during settlement negotiations. *See Jade E. Towers Developers v. Nationwide Mut. Ins. Co.*, 936 F.Supp. 890, 891–92 (N.D.Fla.1996).