Darrell **FLORENCE,** Plaintiff,

v.

**J. RAY McDERMOTT, INC.,
et al., Defendants.**

No. Civ. A. H–98–0314.

United States District Court,
S.D. Texas,
Houston Division.

March 27, 1998.

Robert A Chaffin, Houston, TX, for Plaintiff.

Innes MacKillop, Brown Sims Wise & White, Houston, TX, for Defendants.

### *MEMORANDUM AND ORDER*

LAKE, District Judge.

Pending before the court is Darrell Florence's Motion to Remand (Docket Entry No. 3). Because the court agrees with Florence that defendants did not timely file their notice of removal, the court will grant Florence's motion.

■ On November 4, 1997, counsel for Florence faxed a copy of his state court petition to counsel for defendants (Motion to Remand, Exhibit B) and mailed his petition to the state district clerk for filing. The next day on November 5, 1998, the state district clerk filed the petition, designated a cause number, and assigned the case to the 190th District Court of Harris County, Texas. (Motion to Remand, Exhibit A; Notice of Removal, Docket Sheet) On November 18, 1997, defendants' counsel sent a letter to Florence's counsel acknowledging receipt of the petition, referring to the matter as "Darrell Florence v. J. Ray McDermott, Inc., et al," and seeking confirmation that process had not yet been served. (Motion to Remand, Exhibit C) Florence formally served defendants on January 5, 1998. Defendants removed the case to this court on February 3, 1998.

Florence argues that defendants did not timely remove this action. Under the statutory procedures for removal,

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service *or otherwise,* of a *copy of the initial pleading* setting forth the claim for relief upon which such action or proceeding is based . . . .

28 U.S.C. § 1446(b) (1994) (emphasis added). Florence argues that he properly delivered a copy of his initial pleading by fax to defendants on November 4, 1997, and that the time for filing a notice of removal therefore expired on December 4, 1997.

Defendants respond that Florence had not yet filed the petition when he sent a copy of it to defendants' counsel on November 4, 1997. Because there was no pending action in the state court for defendants to remove on November 4, defendants argue that receipt of a copy of the petition that day did not start the thirty-day time limit for removal. According to defendants, the thirty-day time for removing the case did not begin to run until January 5, 1998, when Florence formally served process on them.

■ Service of process is not required in order to begin the thirty-day time limit for removal; the time period begins to run when a defendant receives a petition or other document demonstrating that a removable case has been filed. 28 U.S.C. § 1446(b) (1994); *Reece v. Wal–Mart Stores, Inc.,* 98 F.3d 839, 842 (5th Cir.1996). While it is true that no removable case had been filed when defendants' counsel received a copy of the petition on November 4, 1997, defendants concede that by November 18, 1997, their counsel had notice that the petition received on November 4 had been filed.

■ The court concludes that when a defendant has received a copy of a petition that a plaintiff intends to file, the thirty-day period for removal begins to run when the defendant has notice that the petition has been filed. Because in this case defendants had

such notice no later than November 18, 1997, their thirty-day period for removal expired by December 18, 1997. Defendants' February 3, 1998, notice of removal was therefore untimely.

Accordingly, Florence's Motion to Remand (Docket Entry No. 3) is **GRANTED.** Because this action was improperly removed, pursuant to 28 U.S.C. § 1447(c), it is **RE-MANDED** to the 190th District Court of Harris County, Texas. The clerk of this court is directed to send a copy of this Memorandum and Order to the district clerk of Harris County, Texas.