**Belinda Jo CHAMBLEY, Plaintiff,**

v.

**EMPLOYERS INSURANCE OF WAUSAU, Defendant.**

**No. Civ.A. 3:98–CV–240BN.**

United States District Court,
S.D. Mississippi,
Jackson Division.

July 13, 1998.

Steven Mark Wann, John F. Hawkins, Maxey, Wann & Begley, John G. Jones, Jackson, MS, for Plaintiff.

Jackson H. Ables, III, Gretchen L. Luke, Daniel, Coker, Horton & Bell, Jackson, MS, for Defendant.

### OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court pursuant to Plaintiff's Motion to Remand. At issue is whether the 30–day time period for removal starts running from the time a Plaintiff delivers a courtesy copy to the Defendant's agent for service of process or when the Plaintiff later officially serves the Defendant's agent for service of process. Having considered the Motion, briefs of the parties, and applicable legal authorities, the Court finds that the removal of this case is procedurally defective because Defendant did not remove this case within 30 days of receipt of the earlier courtesy copy.

### I. BACKGROUND

Belinda Jo Chambley ("Plaintiff") filed this action for bad faith denial of insurance benefits against Employer's Insurance of Wausau ("Wausau") in the Circuit Court of the First Judicial District of Hinds County, Mississippi. Plaintiff seeks to recover actual and punitive damages. The Complaint did not state a specific amount of damages. Plaintiff hand-delivered a courtesy copy of the filed Complaint to Linda R. Johnson on February 25, 1998. Johnson is the registered agent for service of process for Wausau. Plaintiff officially served a summons and Complaint on Johnson by way of personal service on February 27, 1998.

Wausau filed a Notice of Removal in this case on March 30, 1998. In the Notice of Removal, Wausau alleges that this Court has diversity jurisdiction over this action because the parties are completely diverse and the amount in controversy exceeds $75,000 because Plaintiff seeks punitive damages. Plaintiff has filed a Motion to Remand.

### II. DISCUSSION

The analysis of the Court begins with 28 U.S.C. § 1446(b) which provides that "[t]he Notice of Removal of a civil action or proceeding shall be filed within 30 days after the receipt by the Defendant, *through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief . . ." (emphasis added) The United States Court of Appeals for the Fifth Circuit has held that "the thirty-day period begins when the defendant receives a copy of the initial pleading through any means, not just service of process." *Reece v. Wal–Mart Stores, Inc.*, 98 F.3d 839, 841 (5th Cir.1996).

It is not disputed that Defendant's agent for service of process received a courtesy copy of the Complaint on February 25, 1998.

At that time, the 30–day removal clock started to run. Thus, Defendant had until March 27, 1998, to file a Notice of Removal. Defendant did not file the Notice of Removal until March 30, 1998. Since Defendant filed the Notice of Removal outside the 30–day window, this Court will remand this action to state court.

Defendant has argued that Plaintiff has engaged in "gamesmanship" for the purpose of defeating the right of Defendant to be in federal court, first by failing to allege a specific amount of damages and second by delivering a courtesy copy of the Complaint to the agent for service of process two days before actual service.

■ As it relates to the failure to allege a specific amount of damages, the Court notes that the Complaint states a removable claim. It is well settled that where a plaintiff fails to specify the amount in controversy, but it is apparent from the face of the complaint that the damages exceed the jurisdictional amount, then removal is proper. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995). It is apparent that Plaintiff is seeking damages in excess of $75,000. Juries in Mississippi frequently award damages (compensatory and punitive) in excess of $75,000 in actions based on wrongful denial of insurance benefits. *See Andrew Jackson Life Insurance Co. v. Williams*, 566 So.2d 1172 (Miss.1990); *Universal Life Insurance Co. v. Veasley*, 610 So.2d 290 (Miss.1992); *Bankers Life and Casualty Co. v. Crenshaw*, 483 So.2d 254 (Miss.1985); *Employers Mutual Casualty Co. v. Tompkins*, 490 So.2d 897 (Miss.1986). Defendant removed this case on the basis that it was obvious Plaintiff was seeking damages in excess of $75,000. Since this is the case, Defendant cannot complain about the failure of the Complaint to allege a sum certain.

■ The Court agrees that the Plaintiff has engaged in gamesmanship by starting the running of the 30–day removal time period two days before actual service. However, the Fifth Circuit has taken a firm position in regards to § 1446(b). Nevertheless, the Fifth Circuit has recognized that "the receipt rule is subject to abuse." *Reece*, 98 F.3d at 842. In addition, the Fifth Circuit recognizes

that there are exceptions: "it is within the equitable power of the court to consider ... exceptional circumstances on a case-by -case basis." *Id.* (*quoting Doe v. Kerwood,* 969 F.2d 165, 169 (5th Cir.1992)). The Court has searched for but not found "any exceptional circumstances" in this case.

### III. CONCLUSION

IT IS THEREFORE ORDERED that the Motion to Remand [4–1] filed by Plaintiff Belinda Jo Chambley is well taken and is granted.

IT IS FURTHER ORDERED that this action be remanded to the Circuit Court of the First Judicial District of Hinds County, Mississippi.

IT IS FURTHER ORDERED that Plaintiff's request for costs and fees be denied.

SO ORDERED.