Mary Mika **WHITE**

v.

Thomas Walter **WHITE**, et al.

No. CIV. 98–2003.

United States District Court,
W.D. Louisiana,
Shreveport Division.

Dec. 14, 1998.

David A Szwak, Bodenheimer, Jones & Szwak, Shreveport, LA, for Mary Mika White, plaintiff.

Louis Simon, II, Melissa L. Theriot, Laborde & Neuner, Lafayette, LA, for NationsBank of Delaware, N.A.

## MEMORANDUM RULING

PAYNE, United States Magistrate Judge.

### INTRODUCTION

Plaintiff, Mary Mika White, filed suit in state court against her former husband, Thomas White, and NationsBank of Delaware, N.A. Ms. White alleges that Mr. White fraudulently obtained credit in her name. She also complains that NationsBank failed to prevent the fraud and then compounded it by reporting to credit bureaus that Mrs. White had failed to pay a debt and by continued attempts to collect from Mrs. White the fraudulent charges. NationsBank removed the case within thirty days after it was served with the petition. Before the court is Mrs. White's Motion to Remand (Doc. 7) in which she contends that removal was untimely because the time period for removal was triggered when Mr. White received a courtesy copy of the petition two months before NationsBank's removal. Strict application of the Fifth Circuit's rules with respect to the trigger date and cases involving multiple de-

fendants favors Mrs. White's Motion to Remand. The court finds, however, that the facts set forth below establish the sort of exceptional circumstances that the Fifth Circuit has held may nonetheless warrant removal in such a case. Accordingly, the Motion to Remand will be denied.[1]

### FACTS AND PROCEEDINGS

Mrs. White filed her state court petition against Mr. White and NationsBank on July 16, 1998. Because both defendants resided outside of Louisiana, Plaintiff's counsel requested that the State court's clerk of court issue long arm citations and certified copies of the petition for service. Under Louisiana's long arm service rules, the clerk of court merely prepares the service documents and provides them to the plaintiff's counsel. Counsel then controls when service is actually made. Service may be accomplished by the mere mailing of the citation and a certified copy of the petition by certified mail. La. R.S. 13:3204. The clerk of court's file copies indicate that the service documents were prepared and ready to be served on July 20, only four days after suit was filed.

Plaintiff's counsel did not immediately make formal service on either defendant. Instead, he delivered to Mr. White (only) a file-stamped copy of the petition and a cover letter which provided, in pertinent part, as follows:

> I am writing you as I represent Mary White and we have filed a lawsuit against you and a creditor. *The purpose of this letter is not to serve you with Citation and Petition.* We are providing notice to you that Ms. White has filed suit and would like to make contact with you at this time so that you may review the Original Petition for Damages and Request for Trial by Jury and consider Ms. White's reasonable settlement offer made below. (italics in original)

The letter goes on to summarize the allegations against Mr. White and to extend a

---

1. The subject motion is not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, so this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

settlement offer of $40,000. The letter then closes with the following:

> Again, the purpose of this communication is not to issue service of process or citation but merely to open lines of communication and notify you of the lawsuit. I look forward to hearing from you at your earliest convenience.

Mr. White received this letter on August 4, 1998. No similar settlement demand or courtesy copy was delivered to NationsBank. Mr. White testifies in an affidavit that the tone of the letter caused him to believe that he did not yet need a lawyer and that Plaintiff's counsel only wanted to set up a payment plan to dispose of the debt. Accordingly, he did not seek a lawyer.

On September 14, 1998 (more than 30 days after Mr. White received a copy of the petition), counsel for Plaintiff mailed the formal service documents to NationsBank. NationsBank received service on September 18, 1998. Counsel for NationsBank testifies in an affidavit that he received the petition (presumably forwarded by his client) on October 8 and immediately contacted Plaintiff's counsel by telephone to inquire about the suit. During the course of that conversation, Plaintiff's counsel did not mention that Mr. White had been mailed a copy of the petition back in August. NationsBank's counsel then called the state court's clerk of court and learned that there was no evidence of service on Mr. White. He then made several phone calls and was eventually able to reach Mr. White on October 12. Mr. White advised defense counsel that he had been served on October 9, but he did not mention having received the settlement letter and courtesy copy of the petition on August 4. Based on the information available to him, NationsBank's counsel removed the case with the requisite, written consent of its co-defendant, Mr. White. Plaintiff's counsel then advised defense counsel that he considered the removal untimely based upon the courtesy copy provided to Mr. White. The motion to remand followed.

## LAW AND ANALYSIS

### Reece: Informal Service Triggers Removal Period

The time to remove is triggered by 28 U.S.C. § 1446(b), which provides that:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the *receipt* by the defendant, *through service or otherwise*, of a *copy* of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . . (emphasis added)

Although some courts take a different approach, the Fifth Circuit held in *Reece v. Wal-Mart Stores, Inc.*, 98 F.3d 839, 841 (5th Cir.1996) that the plain language of this statute requires that the 30–day period "begins when the defendant receives a copy of the initial pleading through *any* means, not just service of process." (emphasis in original.) Reece's attorney, much like Mrs. White's, filed suit and mailed to the defendant a file-stamped copy of the petition, along with a cover letter suggesting that the parties negotiate a settlement. Formal service was not made until approximately two months later. The Court held that the first, informal service triggered the 30–day removal time.

### Getty Oil: Multiple Defendants and the Unanimity Requirement

It is also the rule in this circuit that in cases involving multiple defendants, the 30–day period begins to run as soon as the first defendant is served. If the first served defendant does not effect a timely removal, subsequently served defendants cannot remove. *Getty Oil v. Insurance Co. of North America*, 841 F.2d 1254, 1262–63 (5th Cir. 1988); *See also Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir.1986); and *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 887 n. 4 (5th Cir.1998). All served defendants must join in the removal,[2] and since the notice of removal must be filed within thirty days of service on the first defendant, all served defendants must join in the removal no later than thirty days from the day on which the

---

2. This unanimity requirement is based on 28 U.S.C. § 1441(a) which provides that "the defendant or the defendants" may remove the case. The courts have read these words to mean that if

there is more than one defendant, then the defendants must act collectively to remove the case. *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992).

first defendant is served. *Getty Oil*, 841 F.2d at 1254.

### *The Exceptional Circumstances Exception*

A hard and fast application of the rules of *Reece* and *Getty Oil* would leave Nations-Bank wholly unable to remove the case. Under *Reece*, Mr. White's 30–day time to remove began running when he received the courtesy copy of the petition on August 4. By the time NationsBank learned of the case when it was served on September 18, Mr. White had waived his right to remove on his own *or* by joining in NationsBank's notice of removal. Because Mr. White could no longer join, NationsBank could not satisfy *Getty Oil*'s requirement that all defendants join in the removal.[3]

Obviously, the *Getty Oil* rule, alone, is subject to manipulation and abuse. *See Comment, Section 1446: Remedying the Fifth Circuit's Removal Trap*, 49 Baylor L.Rev. 157 (1997). When the possibilities afforded by *Reece* are added, the potential for abuse is even greater. The Fifth Circuit has recognized the potential for abuse in a case where the removing party was not added to the lawsuit until late in the proceedings. The Court wrote as follows:

> We establish no inexorable time limit. Exceptional circumstances might permit removal even when a later-joined defendant petitions more than precisely 30 days after the first defendant is served.

*Brown v. Demco, Inc.*, 792 F.2d at 482. The Court went on the find that no such circumstances were present because there was no evidence that the Plaintiff was aware that the newly added party was a proper defendant but delayed naming it "in a bad faith effort to prevent removal". *Id.* In *Getty Oil*, 841 F.2d at 1263 n. 12, the Court directed the district court to address on remand whether exceptional circumstances were present.

In *Doe v. Kerwood*, only the Red Cross (because of its federal charter) had a right to remove, but it was nonetheless required to gain the consent of its co-defendants. The Red Cross argued that the plaintiff could manipulate the forum by serving all defendants but it, waiting for the expiration of 30 days and the concomitant waiver of the co-defendants' rights to concur in a removal, and then serve the Red Cross. In those circumstances, it would appear that the Red Cross would be precluded from removing. The Court found that those were not the facts before it, but wrote, relevant to this case, that "[m]ore importantly, should such a situation arise, it is within the equitable power of the court to consider such exceptional circumstances on a case-by-case basis". *Kerwood*, 969 F.2d at 169. The Fifth Circuit has never published an opinion in which it either found exceptional circumstances or further defined the term, but *Kerwood, Getty Oil* and *Brown* imply that bad faith or forum manipulation would fit the bill.

### *Exceptional Circumstances Exist In This Case*

■ The court finds that the facts before it demonstrate the type of forum manipulation that the "exceptional circumstances" exception was meant to address. The sequence of events related to service, together with the language of the cover letter to Mr. White, indicate that Plaintiff's counsel was taking full advantage of what some, such as the author of the law review article cited above, refer to as a "removal trap". The plaintiff's attorneys can set a removal trap by first serving an unsophisticated defendant who is the least likely to attempt removal. Then, the trap is sprung by not serving the more sophisticated defendants who are likely to attempt removal until 30 days has elapsed. Snap, removal is barred.

There is no explanation in this record, other than forum manipulation, for the curious course of events. When Plaintiff's counsel received the long arm service papers

---

3. *Reece* triggers the removal time upon "receipt by the defendant, through service or otherwise" of a copy of the pleading. *See* 28 U.S.C. § 1446(b). Cases that refer to the jurisprudentially created unanimity requirement often describe the rule as requiring that "all served defendants" must join in removal. *See Getty Oil*, 841 F.2d at 1254. There may be room to argue that a defendant who receives a mere courtesy copy and not formal service may have his removal time triggered under *Reece* but would not be required to consent to a removal filed by another defendant until he had been formally served. The court need not resolve that issue in light of the other means of resolution adopted herein.

from the clerk of court (prepared on July 20), he merely had to deliver the documents by certified mail to effect service. Instead, he mailed a copy of the petition along with a cover letter to the least sophisticated defendant. In the letter he twice emphasized that the mailing did not constitute service of the lawsuit. Omitted from the delivery was even a copy of the citation, which states, "YOU HAVE BEEN SUED" and warns the recipient that he should file a legal response within 30 days.

The mailed copy of the petition was sufficient to trigger *Reece* . But, the cover letter that accompanied it appears to have been carefully designed to achieve that purpose without going so far as to concern Mr. White enough to hire an attorney who might then remove the case.[4] Counsel then waited (inexplicably) more than 30 days before he dropped in the mail the service documents that the clerk of court had prepared for NationsBank 56 days earlier. Plaintiff's counsel disputes in his reply brief that he engaged in *forum* manipulation, but affords no explanation whatsoever for the highly suggestive circumstances and time line of events. He argues that NationsBank does not have proof of forum manipulation, but proof of subjective intent and motivation usually must, by their very nature, be based upon circumstantial evidence. This record provides more than enough. Exceptional circumstances exist to permit the removal to stand despite what may have been technical noncompliance with non-jurisdictional aspects of the removal procedure.

Accordingly, the **Motion to Remand (Doc. 7)** is **DENIED** based upon a finding of exceptional circumstances.

---

4. Cover letters that invite settlement discussions pending formal service do not, alone, extend the removal time. *See Cook v. Travelers Companies*, 904 F.Supp. 841 (N.D.Ill.1995)(cover letter stated that plaintiff would neither serve nor take any action in court until settlement was discussed); *Wortham v. Executone Information Systems, Inc.*, 788 F.Supp. 324 (S.D.Tex.1992)(fact that plaintiff agreed to withhold formal service while defendant evaluated settlement possibilities did not abate the 30 day period); *Kerr v. Holland America–Line Westours, Inc.*, 794 F.Supp. 207 (E.D.Mich.1992)(plaintiff invited settlement discussions "prior to pursuing the enclosed lawsuit"). Removal was held untimely in each of these cases even though it occurred within 30 days of formal service. That does not preclude the letter from being considered, along with the other facts, to constitute exceptional circumstances.