**Alan CYGIELMAN, Plaintiff,**

v.

**CUNARD LINE LTD. and Commodore Cruise Line Ltd., Defendants.**

**No. 95 Civ. 0739 (LAK).**

United States District Court,
S.D. New York.

June 27, 1995.

Jeffrey A. Morse, Hodes & Morse, Great Neck, NY, for plaintiff.

Michael D. Martocci, New York City, for defendants.

## MEMORANDUM OPINION

KAPLAN, District Judge.

This motion for summary judgment presents the question whether plaintiff, who claims to have been injured on a cruise ship, is barred from recovery by his failure to sue within the time period required by a provision of his ticket, or passage contract.

### Facts

The evidence most favorable to the plaintiff establishes that on June 10, 1993, plaintiff Alan Cygielman slipped and fell in the kiddie pool aboard the Crown Jewel, a ship owned and operated by defendant Commodore Cruse Line Ltd. ("Commodore"), while en route from St. Thomas to Nassau. Shortly after the accident, two uniformed crew members came to his aid and took him to the ship's doctor, who applied an elastic bandage and sent him on his way. Upon returning to port, plaintiff saw an orthopedic surgeon, who determined that plaintiff had sustained fractures of his tarsal bone but nevertheless discharged plaintiff as ambulatory. The fractures were not set or reduced, nor was a hard cast applied.

The passage contract pursuant to which plaintiff boarded the Crown Jewel contained a time limitation on the commencement of actions such as this. Article 21 states in substance that any suit to recover against the company for loss of life or bodily injury "shall be instituted ... within 1 year from the day when the loss of life or bodily injury occurred...."

Notwithstanding the one year contractual time limitation, suit was not commenced for at least sixteen months after the alleged accident. On November 1, 1994, plaintiff filed a complaint against Commodore and Cunard Line Ltd. ("Cunard") in the New York Supreme Court, New York County seeking $5 million in damages. Cunard was served by the delivery of copies of the summons and complaint to the New York Secretary of State, pursuant to N.Y.Bus.Corp.L. § 306 (McKinney 1986 & Supp.1995), on November 28, 1994. Commodore was served on January 9, 1995 by personal delivery of copies of the summons and complaint in Coral Gables, Florida.

On or about February 2, 1995, Cunard and Commodore served and filed in this Court an answer and a notice of removal. They now move for summary judgment dismissing the complaint on the ground of untimeliness and, in Cunard's case, on the ground that there is no conceivable basis of liability against Cunard, which merely acted as Commodore's agent in selling the ticket to plaintiff.

### Discussion
#### Subject Matter Jurisdiction

In an effort to avoid an adverse ruling on the merits, plaintiff claims that this Court lacks subject matter jurisdiction and that the case therefore should be remanded. Notwithstanding his demand for damages of $5 million, he now asserts that he cannot possibly recover more than the $50,000 jurisdictional amount.

■ It of course is offensive for a plaintiff to file a complaint for $5 million and then, finding himself hoist by his own petard into a forum not to his liking, to have him assert in an effort to escape that he has no realistic hope of recovering even one percent of that amount. Indeed, "offensive" is too mild a term. But this is a court of limited jurisdiction, and jurisdiction may not be conferred upon it by agreement or estoppel. *Kokkonen v. Guardian Life Ins. Co. of America,* —— U.S. ——, ——, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Bender v. Williamsport Area School District,* 475 U.S. 534, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986). Hence, the Court must determine whether the jurisdictional amount is present.

■ In order to justify dismissal, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount...." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). In this Circuit, the damage allegations in the complaint ordinarily must be taken at face value "even where those allegations leave grave doubt about the likelihood of a recovery of the requisite amount...." *Zacharia v. Harbor Island Spa, Inc.,* 684 F.2d 199, 202 (2d Cir.1982).

This is particularly so where the plaintiff is seeking unliquidated tort damages. *Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 785 (2d Cir.1994).

Here it is perfectly plain that plaintiff has no hope whatever of recovering anything approaching $5 million. Nevertheless, the Court is not prepared to conclude to a legal certainty that plaintiff's recovery, if the case went to trial, could not exceed $50,000. Accordingly, plaintiff's attack on the Court's jurisdiction is rejected.

■ Although the point has not been raised by the parties, the Court notes an additional question as to the existence of subject matter jurisdiction—the fact that the removal petition was filed more than thirty days after the service on Cunard by service on the Secretary of State. *See* 28 U.S.C. § 1446(b) (requiring removal within thirty days after receipt by the defendant of a copy of the initial pleading).

The heavy weight of authority is to the effect that the time for removal, in cases in which service is made on a statutory agent, runs from receipt of the pleading by the defendant rather than the statutory agent. *Compare, e.g., Skidaway Assoc., Ltd. v. Glens Falls Ins. Co.*, 738 F.Supp. 980 (D.S.C. 1990); *Farris v. Youngblood*, 248 F.Supp. 598, 599 (E.D.Tenn.1965); *Barber v. Willis*, 246 F.Supp. 814, 815 (N.D.Ga.1965); *Isbell v. Osgood*, 234 F.Supp. 602, 603 (E.D.Okla. 1964); *Hall v. Bowman*, 171 F.Supp. 454, 455 (E.D.Mo.1959); *Mahony v. Witt Ice & Gas Co.*, 131 F.Supp. 564, 567 (W.D.Mo.1955) *with Raymond's, Inc. v. New Amsterdam Casualty Co.*, 159 F.Supp. 212, 214 (D.Mass.1956); *Bohn v. Lester*, 102 F.Supp. 261 (W.D.Mo. 1952). This makes abundant sense, as the defendant's right to a federal forum ought not to depend upon the rapidity and accuracy with which statutory agents inform their principals of the commencement of litigation against them.

The notice of removal in this case alleges that this action was commenced by service on January 6, 1995. The Court takes that to be the earliest date upon which either of the defendants received a copy of the initial pleading and therefore concludes that the action was timely removed.

*Timeliness*

■ The one year contractual period of limitation is contemplated by federal statute, 46 U.S.C.App. § 183b, and enforceable if the carrier reasonably communicates the limitations period to the passenger. *Spataro v. Kloster Cruise, Ltd.*, 894 F.2d 44, 45–46 (2d Cir.1990); *Silvestri v. Italia Societa Per Azioni Di Navigazione*, 388 F.2d 11, 17–18 (2d Cir.1968). Plaintiff's principal argument is that the layout and typography of the ticket in this case, as well as the manner in which plaintiff handled the ticket after its purchase, did not reasonably communicate the existence of the limitation period.

The ticket booklet containing plaintiff's ticket and passage contract bears a bold face legend on the cover immediately below the title which reads: "Important Please Read Following Terms of Passage Contract." The first two lines of the text of the contract then appears on the cover followed by the phrase "(continued on page 3)." Pages 3 through 10 contain the balance of the contract. Each article of the contract has an informative title printed in solid capital letters and underscored. The title of Article 21 reads: *"TIME LIMIT ON SUITS."* The passage contract is entirely and readily legible. There is nothing vague about the language of Article 21. It makes sufficiently clear the time limit on passenger suits. *See Spataro*, 894 F.2d at 47. Furthermore, when plaintiff received the booklet, he admittedly perused it (although he did not read it) and then gave it to his wife. He does not deny that the passage contract remained in his possession from prior to his boarding the Crown Jewel until the institution of litigation. *See Shankles v. Costa Armatori, S.P.A.*, 722 F.2d 861, 865–66 (1st Cir.1983) (court should take into account the circumstances of passenger's possession of and familiarity with the ticket).

In all of the circumstances, the Court holds that this passage contract reasonably communicated the time limitation on suits. *See, e.g., Dillon v. Admiral Cruises, Inc.*, 960 F.2d 743, 745 (8th Cir.1992); *Spataro*, 894 F.2d at 46–47; *Silvestri v. Italia Societa Per Azioni Di Navigazione*, 388 F.2d 11, 17–18 (2d Cir.1968); *Schwartz v. S.S. Nassau*, 345

F.2d 465 (2d Cir.), *cert. denied,* 382 U.S. 919, 86 S.Ct. 294, 15 L.Ed.2d 234 (1965); *Lipton v. National Hellenic American Lines,* 294 F.Supp. 308, 310–11 (E.D.N.Y.1968).

Plaintiff suggests also that the contractual limitation should not be enforced because Commodore had notice of the accident through the ship's doctor and the two officers who assisted plaintiff. But plaintiff confuses the requirement of written notice of claim—also required by a different provision of the passage contract, Article 20, and contemplated by statute, 46 U.S.C.App. § 183b—with the time limit on the institution of suits. While notice to the carrier precludes enforcement of the requirement of notice, 46 U.S.C.App. § 183b(b)(1), it does not affect the one year time limit on commencing suit. *Shankles v. Costa Armatori, S.P.A.,* 722 F.2d 861, 869 (1st Cir.1983); *Vaci v. Swedish American Line,* 200 F.Supp. 207 (E.D.Pa.1961).

Finally, plaintiff contends that Cunard is not entitled to summary judgment because it is in default for failing to serve an answer within the time prescribed. There are two answers to this contention. First, plaintiff never took, and thus waived, a default against Cunard. Second, Rule 56(b) provides that a motion for summary judgment may be made "at any time."

Accordingly, defendants' motion for summary judgment dismissing the complaint is granted.

SO ORDERED.