**Eduardo T. BODDEN**

v.

**UNION OIL CO. OF CAL. & Life Ins. Co. of North America.**

**No. CIV.A. 97–3372.**

United States District Court, E.D. Louisiana.

Feb. 20, 1998.

Wesley Kent Robertson, Jr., W. Kent Robertson, Jr., Metairie, LA, for Eduardo T. Bodden, plaintiff.

Normand Francis Pizza, Michael Joseph Monistere, Brook, Pizza & Van Loon, LLP, New Orleans, LA, for Union Oil Company of California, Life Insurance Company of North America, defendants.

### *ORDER AND REASONS*

LEMMON, District Judge.

Considering the memoranda of counsel and the applicable law, IT IS ORDERED that plaintiff's Motion to Remand to State Court (Doc. # 4) in the above captioned matter be and hereby is GRANTED. Accordingly, IT IS ORDERED that this case be and hereby is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana. The court assigns the following reasons for its ruling.

### I.  BACKGROUND

Plaintiff Eduardo T. Bodden filed suit on September 17, 1997 against his former employer, Union Oil Company of California ("Union"), and Life Insurance Company of North America ("Life") in the Civil District Court for the Parish of Orleans, State of Louisiana, to recover disability benefits pursuant to a policy of insurance provided to plaintiff. Defendants removed plaintiff's suit to this court, alleging that the insurance policy which is the subject matter of this suit was issued to plaintiff pursuant to a Employee Welfare Benefit Plan and therefore plaintiff's claim arises, if at all, under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*

### II.  MOTION TO REMAND

Plaintiff filed a Motion to Remand in which he argues that defendants failed to file a Notice of Removal of plaintiff's state court case within the time limits set forth in Section 1446(b) of Title 28 of the United States Code which provides:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Plaintiff notes that Life, the insurer, was served with a copy of the plaintiff's petition and citation through the Secretary of State on September 26, 1997 and that Union, the employer, was served through its registered agent for service of process, C.T. Corporation, on September 29, 1997.

Therefore, plaintiff argues, defendants' filing of a Notice of Removal on October 28, 1997 was outside of the thirty day deadline set forth in Section 1446(b) of Title 28 of the United States Code. Defendants argue that the notice was timely because Life, the insurer, did not receive actual notice of plaintiff's suit until October 3, 1997; therefore, the Notice of Removal filed on October 28, 1997 was within the thirty-day deadline set forth in Section 1446(b).

■ In *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254 (5th Cir. 1988), the Fifth Circuit stated:

The provisions of Section 1446(b) make it clear that a petition for removal must be filed within thirty days after service of summons upon the defendant. *In cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served* (provided the case is then removable). It follows that since all served defendants must join in the petition, and since the petition must be submitted within thirty days of service on the first defendant, all served defendants must join in the petition no later than thirty days from the day on which the first defendant was served.

*Getty Oil Corp.*, 841 F.2d at 1262–63 (internal citations omitted) (emphasis added). Thus, in the Fifth Circuit, a Notice of Removal must be filed within thirty days of when the first defendant is served.[1]

In the present case, the parties are disputing which defendant was the "first served" defendant within the meaning of this rule. If Life, the insurer, was the "first served" defendant within the meaning of this rule, by virtue of service on Life through the Secretary of State on September 26, 1997, then the subsequent removal by both defendants on October 28, 1997, was untimely. If, however, Union, the employer, was the "first served" defendant within the meaning of this rule, because Union was served on September 29, 1997 and because the September 26, 1997, date on which Life was served through the Secretary of State is not relevant for present purposes, then the October 28, 1997, removal was timely. The question which must be decided by this court is whether the thirty-day period set forth in Section 1446(b) commences when service of process is made on the Secretary of State or when a defendant actually receives notice of plaintiff's suit, i.e., when actual receipt occurs after service on the Secretary of State.

■ Although the United States Court of Appeals for the Fifth Circuit has not squarely addressed the issue of whether the thirty day period set forth in Section 1446(b) commences from the time actual notice is received when that actual notice follows formal service of process on the statutory agent for service of process, the Fifth Circuit addressed the converse situation in *Reece v. Wal–Mart Stores, Inc.*, 98 F.3d 839 (5th Cir.1996). In *Reece*, a plaintiff filed suit against a corporation and one of its employees in state court. *Reece*, 98 F.3d at 841. Plaintiff mailed a copy of her original petition to the defendant corporation's Chief Executive Officer and two months later, served process on the defendant corporation. *Id.* Seventy-seven days after receiving a copy of the original petition and seventeen days after service of process, the defendant corporation filed a

---

1. There are several exceptions to this rule:

(1) where the non-joining defendant has not been served with service of process at the time the removal petition is filed;

(2) where the non-joining defendant is merely a nominal or formal party; or

(3) where the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c).

*American Agents, Inc. v. Panalpina, Inc.*, Civil Action No. 97–2215, 1997 WL 678155, at *1 (E.D.La. Oct. 29, 1997) (Duval, J.); *see also CMH Inc. v. Canal Place Management*, Civil Action No. 92–4201, 1993 WL 70252, at *2 (E.D.La. March 10, 1993) (Sear, C.J.) (citing 14A CHARLES ALLEN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE: JURISDICTION 2D, AT § 3731 (Supp. 1992)). The parties do not argue that any of these exceptions are applicable here and the record does not indicate that any of these exceptions would apply in the present case.

Notice of Removal in which it argued that plaintiff had fraudulently joined one of the corporations employees in an attempt to defeat diversity jurisdiction. *Id.* Plaintiff filed a Motion to Remand which was denied, and after a trial on the merits, the district court granted judgment in favor of the defendants. *Id.* Plaintiff appealed the district court's denial of her Motion to Remand, and the Fifth Circuit reversed. The Court of Appeals noted that "according to the statute, the thirty-day period begins when the defendant receives a copy of the initial pleading through any means, not just service of process." *Id.*[2]

The Fifth Circuit stated that this "receipt rule" was in keeping with two policies underlying Section 1446(b)—uniformity[3] and expediency.[4]

Several district courts have addressed factual situations similar to those present in the instant case. The majority have concluded that it is the date of actual receipt of the petition rather than the date of service of process on the statutory agent, i.e. the Secretary of State, which service of process must be technically adequate under state law to commence the thirty-day deadline set forth in Section 1446(b). *Id.* at 303. The Seventh Circuit held that "the 30 days commences when the defendant, or its authorized agent, comes into possession of a copy of the complaint whether or not the delivery complies with the requirements of 'service'." *Id.* at 304.

Since the Fifth Circuit decided *Reece*, the Eleventh Circuit joined the Fifth, Sixth and Seventh Circuits in adopting what is known as the "receipt rule" in *Michetti Pipe Stringing, Inc. v. Murphy Bros., Inc.*, 125 F.3d 1396 (11th Cir.1997). In *Michetti*, a plaintiff filed suit in state court and within a few days, faxed the defendant a copy of the complaint filed. *Id.* at 1397. Subsequently, plaintiff formally served defendant with service of process. *Id.* The defendant filed a Notice of Removal thirty days after receiving the service of process and forty-four days after receiving the faxed copy of the complaint. *Id.* Plaintiff filed a Motion to Remand which was denied by the district court. *Id.* The district court certified its decision for interlocutory appeal and on appeal, the Eleventh Circuit reversed, holding "that the thirty-day removal period begins to run when a defendant actually receives a copy of a filed initial pleading by any means." *Id.* at 1398.

---

**2.** In *Reece*, the Fifth Circuit cited the Sixth Circuit case of *Tech Hills II Assoc. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963 (6th Cir.1993), and the Seventh Circuit case of *Roe v. O'Donohue*, 38 F.3d 298 (7th Cir.1994), for support. In *Tech Hills*, a copy of plaintiff's complaint was received by a security guard in the defendant's employ on Saturday, May 20, 1989. *Tech Hills*, 5 F.3d at 966. Defendant's in-house counsel actually received this copy on the following Monday, May 22, 1989, the same day that formal service of process occurred. *Id.* The Sixth Circuit adopted the "receipt rule", which, as the court stated "views the actual receipt by a defendant of a complaint as sufficient to commence the thirty-day period, irrespective of the technicalities of state service of process requirements." *Id.* at 967. The Sixth Circuit held that "the removal period is commenced when the defendant has in fact received a copy of the initial pleading that sets forth the removable claim" and stated that "[a]s a general rule, a complaint is considered received by a corporation when it is received by an agent authorized to accept service of process." *Id.* at 968.

In *Roe*, plaintiff filed suit in state court and subsequently served a receptionist of a defendant with service of process, via a deputy sheriff, on February 19, 1991. *Roe*, 38 F.3d at 300. The copies of the papers served on the receptionist were not received by the relevant employee of the defendant until February 22, 1991. *Id.* at 300–302. A Notice of Removal was filed on March 25, 1991, and therefore, the court noted, the removal was timely if the thirty-day period commenced at the time the relevant employee actually received service but not if the thirty-day period commenced at the time service was made on the receptionist. *Id.* The district court held that the date the relevant employee actually received service was the date that service was received and therefore refused to remand the case. *Id.* In reversing the district court, the Seventh Circuit noted that the federal district courts were split on the question of whether

**3.** The Fifth Circuit stated:

> 'The purpose of [§ 1446(b) ] was to make uniform the time for filing petitions for removal.'
>
> *Id.* at 841 (quoting *Weeks v. Fidelity & Cas. Co.*, 218 F.2d 503, 504 (5th Cir.1955)).

**4.** The Fifth Circuit stated:

> [R]ead as a whole, the statute expresses a policy preference that removal occur as soon as possible, . . . .
>
> *Id.* at 842.

commences the thirty-day period for removal.[5] For instance, in *Manuel v. Unum Life Ins. Co. of America*, 932 F.Supp. 784 (W.D.La.1996), a plaintiff filed suit in state court and subsequently served the defendant with service of process via its agent for service, the Louisiana Secretary of State, on April 9, 1996. *Manuel*, 932 F.Supp. at 784. The defendant received an actual copy of the plaintiff's pleading sometime between April 10, 1996 and May 10, 1996. *Id.* The defendant filed a Notice of Removal on May 10, 1996, after which the plaintiff filed a Motion to Remand. *Id.* The court denied plaintiff's Motion to Remand, stating:

> Service upon the Secretary of State does not commence the thirty day removal period. Instead, the thirty day removal period begins when the named defendant actually receives a copy of the initial pleading.

*Id.* (internal citations omitted).

Likewise, in *Cygielman v. Cunard Line Ltd.*, 890 F.Supp. 305 (S.D.N.Y.1995), a plaintiff filed a suit in state court and subsequently served one of the defendants with service of process via its statutory agent for service, the New York Secretary of State, on November 28, 1994. *Cygielman*, 890 F.Supp. at 306. On February 2, 1995, that defendant filed a Notice of Removal. *Id.* After ruling on a challenge to the court's subject matter jurisdiction which was based on the jurisdictional amount in controversy, the court stated:

Although the point has not been raised by the parties, the Court notes an additional question as to the existence of subject matter jurisdiction—the fact that the removal petition was filed more than thirty days after the service on [defendant] by service on the Secretary of State. The heavy weight of authority is to the effect that the time for removal, in cases in which service is made on a statutory agent, runs from receipt of the pleading by the defendant rather than the statutory agent. This makes abundant sense, as the defendant's right to a federal forum ought not to depend upon the rapidity and accuracy with which statutory agents inform their principals of the commencement of litigation against them. The notice of removal in this case alleges that this action was commenced by service on January 6, 1995. The Court takes that to be the earliest date upon which either of the defendants received a copy of the initial pleading and therefore concludes that the action was timely removed.

*Id.* at 307 (internal citations omitted) (alteration added).[6]

■ This court is unpersuaded by the reasoning underlying this line of authority. In Louisiana, in cases in which service on the Secretary of State is authorized, service is completed when made on the Secretary of State regardless of when, or even whether, the Secretary subsequently performs the ministerial task of forwarding notice to a defendant. *See Succession of*

---

**5.** Indeed, in their treatise on federal practice and procedure, Professors Charles Allen Wright, Arthur R. Miller and Edward H. Cooper state:

> At one time it was not clear whether service on a statutory agent, such as a Secretary of State designated by a nonresident motorist statute, was sufficient to commence the time period. Realistically speaking, of course, these statutory agents are merely a medium for transmitting the papers. Accordingly, it is now settled law that the time for seeking removal begins to run only when the defendant or an agent in fact receives the process.

14A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE: JURISDICTION 2d at § 3732, p. 515–16 (2d ed.1985).

**6.** *Accord, e.g., Medina v. Wal–Mart Stores, Inc.*, 945 F.Supp. 519 (W.D.N.Y.1996); *Skidaway Assoc., Ltd. v. Glens Falls Ins. Co.*, 738 F.Supp. 980 (D.S.C.1990); *Skinner v. Old Southern Life Ins.*, 572 F.Supp. 811 (W.D.La. 1983); *Farris v. Youngblood*, 248 F.Supp. 598 (E.D.Tenn.1965). *But see Heston v. Horton*, 115 F.Supp. 13 (W.D.Mo.1953); *Bohn v. Lester*, 102 F.Supp. 261 (W.D.Mo.1952).

*Rock v. Allstate Life Ins. Co.,* 340 So.2d 1325, 1328 (La.1976). By using the disjunctive "or" in stating that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, by service *or* otherwise," the plain language of Section 1446(b) indicates that service itself may constitute "receipt by the defendant" and therefore may be the date on which the thirty-day period commences. Moreover, the policies recognized by the Fifth Circuit in *Reese* as underlying Section 1446(b)—uniformity and expediency—are best served by the interpretation which permits commencement of the thirty-day period on the date of formal service on the statutory agent of service rather than the date of actual receipt by the defendant. Commencement of the period at the time of service on the statutory agent rather than actual receipt better promotes uniformity by establishing a date certain upon which the period commences, rather than relying on the uncertainty associated with determining when a defendant actually received notice of suit. Moreover, commencement of the period at the time of service on the statutory agent rather than actual receipt, where the former precedes the latter, also better promotes expediency in having a case removed in that it holds defendants to a shorter period for removal. Therefore, this court holds that service on the statutory agent for service of process in Louisiana commences the thirty-day period for removal under Section 1446(b) when that service precedes actual notice by the defendant. Accordingly, in the present case, service upon Life on September 26, 1997 through its statutory agent for service of process, the Secretary of State, commenced the thirty-day time period for removal and consequently the subsequent filing of a notice of removal on October 28, 1997 was untimely. Therefore, the plaintiff is entitled to remand.