**MONTEREY MUSHROOMS, INC., Plaintiff,**

v.

**Karl S. HALL d/b/a Kentek Corp., Defendant.**

**Civil Action No. H–98–0988.**

United States District Court, S.D. Texas, Houston Division.

June 15, 1998.

was not final. If the litigation was not final, then Plaintiffs' claims clearly are not barred.

Mark C. Guthrie, Winstead Sechrest & Minick, Houston, TX, for plaintiff.

Ted Hirtz, Houston, TX, for defendant.

## MEMORANDUM OPINION AND ORDER

LAKE, District Judge.

Pending before the court is plaintiff's Motion to Remand (Docket Entry No. 7).[1] Because the court concludes that defendant Karl Hall properly removed this action, the court will deny plaintiff's motion.

### I. BACKGROUND

On November 5, 1997, as a result of a simmering contract dispute between the parties, defendant Karl Hall (Hall) sent a demand letter through his attorney A.L. Lyons (Lyons) to plaintiff Monterey Mushrooms, Inc. (Monterey Mushrooms). Lyons explicitly stated in the letter that he represented Karl Hall, d/b/a Kentek Corp. (November 5, 1997, letter from Lyons to the President of Monterey Mushroom, Plaintiff's Memorandum in Support, Ex. A) He did not state whether Hall had authorized him to accept service on Hall's behalf.

Sometime around November 24, 1997, Monterey Mushrooms filed suit against Hall, d/b/a Kentek Corporation (Kentek) in state district court in Madison County, Texas.[2] On November 24, 1997, Mark Guthrie, attorney for Monterey Mushrooms, wrote Lyons notifying him that Monterey Mushrooms had filed suit against Hall in Madison County. Guthrie included a copy of the Original Petition with his letter, but the petition did not have a file stamp date on it or a cause number. Guthrie's letter referenced the suit by its style, *Monterey Mushrooms, Inc. v.*

1. Plaintiff filed its memorandum in support of the motion to remand as a separate instrument under Docket Entry No. 8.

2. Monterey Mushrooms alleges that it filed its original complaint "[o]n or about November 24, 1997, in Madison County." (Memorandum in Support of Plaintiff's Motion to Remand ¶ 2) However, it has not submitted a copy of this petition bearing a file stamp date. Monterey Mushrooms did include a copy of the petition as part of Exhibit B in its memorandum in support of its motion to remand, but this copy has no file stamp on it or the state court cause number.

Hall does not dispute Monterey Mushrooms' contention that it filed suit around November 24,

1997. Moreover, Hall did not include a file stamped, numbered copy of the original petition with his Notice of Removal. Local Rule 3(K) requires that parties filing notices of removal include, *inter alia*, the state court docket sheet and the pleadings. *See* S.D. Tex.R. 3(K)(2), 3(K)(4). Hall's removal notice only includes a copy of the Secretary of State's notice of service and the Third Amended Complaint.

Thus, neither party has submitted any evidence establishing exactly when Monterey Mushrooms originally filed suit in state court. The issue is unimportant at this stage, as the court's ruling on the timeliness of the removal depends upon when Hall received the pleadings, not upon when Monterey Mushrooms filed them.

*Karl S. Hall d/b/aKentek Corporation,* 14 F.Supp.2d 988, but did not recite a cause number. The letter asked Lyons whether he agreed to accept service on behalf of Hall. (November 24, 1997, letter from Guthrie to Lyons, Plaintiff's Memorandum in Support, Ex. B)

On January 12, 1998, Guthrie spoke with Lyons by telephone regarding the suit, advised Lyons that Monterey Mushrooms' attempts to serve Kentek had failed, and again asked Lyons to accept service on behalf of Hall. Lyons said that he would have to consult Hall before he could agree to accept service. (January 15, 1998, letter from Guthrie to Lyons, Plaintiff's Memorandum in Support, Ex. C)

On January 15, 1998, Guthrie sent Lyons a letter confirming the substance of this conversation and again asking Lyons whether he would accept service for Hall. This letter referenced the suit as "No. 97–8454–012–06; *Monterey Mushrooms, Inc. v. Karl S. Hall d/b/a Kentek Corporation.*" (January 15, 1998, letter from Guthrie to Lyons, Plaintiff's Memorandum in Support, Ex. C)

On February 17, 1998, Monterey Mushrooms filed its Third Amended Petition. (Notice of Removal [Docket Entry No. 1]) Two days later, on February 19, 1998, Guthrie again wrote Lyons. Guthrie's letter confirmed that in a prior telephone conversation, Lyons had informed one of Guthrie's associates that Hall had instructed Lyons not to accept service on this matter. (February 19, 1998, letter from Guthrie to Lyons, Plaintiff's Memorandum in Support, Ex. D) Lyons responded in a letter dated February 23, 1998, that he did not agree with Guthrie's letter. He also explicitly stated that he was *not* counsel of record for Hall in this matter. (February 23, 1998, letter from Lyons to Guthrie, Plaintiff's Memorandum in Support, Ex. F)

On March 3, 1998, Monterey Mushrooms served substituted process under Texas law by delivering two copies of the citation and the Third Amended Petition on Texas's Secretary of State. Two days later, on March 5, 1998, the Secretary forwarded a copy of the citation and petition to Hall by certified mail, return receipt requested. An agent for Hall received the citation and petition and signed the return receipt on March 12, 1998. (Secretary of State Certification of Receipt and Forwarding No.1998–013364–1, Plaintiff's Memorandum in Support, Ex. G)

On April 3, 1998, Hall filed a notice of removal in this court, alleging diversity jurisdiction. Monterey Mushrooms now moves to remand, arguing that Hall did not remove in a timely manner. The court disagrees.

## II. *Standard of Review*

■ "Section 1447(c) provides two grounds for remand: (1) a defect in removal procedure and (2) lack of subject matter jurisdiction." *Burks v. Amerada Hess Corp.,* 8 F.3d 301, 303 (5th Cir.1993). When considering a motion to remand, the removing party bears the burden of showing that removal was proper. *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir.1988), *appeal after remand,* 915 F.2d 965 (5th Cir.1990), *aff'd,* 503 U.S. 131, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Albonetti v. GAF Corp.-Chem. Group,* 520 F.Supp. 825, 827 (S.D.Tex.1981). Because removal jurisdiction "raises significant federalism concerns," *Willy,* 855 F.2d at 1164, courts must construe removal statutes "narrowly, with doubts resolved in favor of remand to the state court." *Jefferson Parish Hosp. Dist. No. 2 v. Harvey,* 788 F.Supp. 282, 283–84 (E.D.La.1992). If there is any doubt that a right to removal exists, "ambiguities are to be construed against removal." *Samuel v. Langham,* 780 F.Supp. 424, 427 (N.D.Tex.1992).

## III. *DISCUSSION*

■ Monterey Mushrooms contends that Hall did not timely file his notice of removal. Under the statutory procedures for removal,

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

28 U.S.C. § 1446(b) (1994). Monterey Mushrooms first argues that the thirty-day

removal period commenced when Lyons, Hall's attorney, received a copy of the Original Petition. Receipt of the petition by anyone authorized to accept process for a defendant will suffice to start the thirty-day period. *See* 14C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3732, at 513–15 (2d ed.1985); *Reece v. Wal–Mart Stores,* 98 F.3d 839, 843–44 (5th Cir.1996) (holding that receipt by the defendant's CEO was sufficient to start the removal time period).

 However, Hall argues that Lyons was not authorized to accept service on his behalf. Service of process on an attorney is ineffective unless the attorney is authorized by appointment or by law to accept service on a client's behalf. *See Shelley v. Bayou Metals,* 561 F.2d 1209, 1210 (5th Cir.1977); *Ransom v. Brennan,* 437 F.2d 513, 518–519 & 519 n. 9 (5th Cir.1971). Lyons told Monterey Mushrooms' lawyers, both in a telephone conversation and in writing, that he was not authorized to accept service for Hall. Therefore, the court concludes that receipt of the pleadings by Lyons did not constitute "receipt by the defendant, through service or otherwise, of a copy of the initial pleading" as required under § 1446(b). *See Torres v. AIG Claim Servs., Inc.,* 957 F.Supp. 1271, 1274 (S.D.Fla.1997).

Monterey Mushrooms next contends that the thirty-day removal period began on March 3, 1998, when it served process on the Secretary of State of Texas. The parties do not dispute that substituted service of process on the Secretary of State was proper in this case. *See* Tex. Civ. Prac. & Rem.Code Ann. § 17.044 (Vernon 1986). Monterey Mushrooms contends that the thirty-day removal period commenced on the day it served the Secretary of State. Hall contends that the proper commencement date was March 12, 1998, when Hall actually received his copy of the citation and petition from the Secretary of State. "Texas provisions for service of statutory agents do not constitute 'receipt by the defendant'" for the purpose of beginning the thirty-day removal period. *Kurtz v. Harris,* 245 F.Supp. 752, 754 (S.D.Tex.1965). When service is effected on a statutory agent, the removal period begins when the defendant actually receives the process, not when the statutory agent receives

process. *See* 14C Wright, et al., *supra,* § 3732, at 516. Thus, the court concludes that Hall's removal period began on March 12, 1998, when he received the citation and petition by certified mail from the Secretary of State.

Hall had thirty days from March 12, 1998, to file his notice of removal. He actually removed on April 3, 1998, twenty-two days after he received a copy of the pleadings. Therefore, the court concludes that Hall timely and properly removed this action to this court.

## IV. CONCLUSION AND ORDER

Hall has met his burden of establishing proper removal. He has shown that Lyons was not authorized to accept service on his behalf, and that he did not receive a copy of the pleadings from the Secretary of State until March 12, 1998. Because the court concludes that Hall properly removed this action to this court, plaintiff's Motion to Remand (Docket Entry No. 7) is **DENIED.**