ORDER
 

 GERSHON, District Judge.
 

 Plaintiffs, both residents of New York, commenced this action for breach of an insurance contract in the Supreme Court for the State of New York, Kings County. On July 14, 1999, plaintiffs served the defendant Nationwide Mutual Insurance Company (“Nationwide”) pursuant to N.Y.Ins.Law § 1212 by serving the New York State Insurance Department with the summons and complaint. N.Y.Ins.Law § 1212 requires foreign insurers doing business in New York to designate the Insurance Department as their agent for the receipt of process in the State. Nationwide is incorporated in and has its principal place of business in Ohio.
 

 N.Y.Ins.Law § 1212 additionally provides that a foreign insurer must designate an agent to whom any process will be forwarded after it is received by the Insurance Department. Nationwide has appointed CT Corporation System to fill this role. Accordingly, the Insurance Department sent a copy of plaintiffs’ summons and complaint by certified mail to CT Corporation System on August 10, 1999, and CT Corporation System received them on August 17, 1999. CT Corporation System, in turn, forwarded the papers to Nationwide, and Nationwide received them on August 20,1999.
 

 On September 7, 1999, Nationwide filed a notice of removal in this court along with its answer to the complaint. As grounds for removal, Nationwide stated that there was complete diversity of citizenship between the parties and that the amount in controversy exceeded $75,000.00, exclusive of interest and costs.' Although plaintiffs never challenged these grounds nor moved to remand, they have maintained that the federal court lacks jurisdiction over this matter and they assert that Nationwide defaulted in the New York Supreme Court. Accordingly, on September 29, 1999; Nationwide moved this Court to resolve the question of this court’s jurisdiction over the case. For the reasons set forth below, I find that this action was properly removed and that the state court no longer has jurisdiction to hear it.
 

 In order to remove a case from state court to federal court, a defendant must file a notice of removal “within thirty days after the
 
 receipt by the defendant,
 
 through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.” 28 U.S.C. § 1446(b) (emphasis added). The issue in this case is whether the receipt of plaintiffs’ summons and complaint by the Insurance Department on July 14, 1999 constitutes “receipt by the defendant” under the removal statute and, therefore, starts the clock ticking. If it does, then Nationwide’s notice of removal was defective because it was filed more than 30 days after the Insurance Department received the summons and complaint.
 

 Although neither the Second Circuit nor any other circuit court has addressed this exact question, district courts in New York and elsewhere agree that service of process upon a defendant’s statutory agent is not sufficient to trigger the 30-day removal period.
 
 See, e.g., Cygielman v. Cunard Line Ltd.,
 
 890 F.Supp. 305, 307 (S.D.N.Y. 1995) (“The heavy weight of authority is to the effect that the time for removal, in cases in which service is made on a statutory agent, runs from receipt of the pleading by the defendant rather than the statutory agent ... This makes abundant sense, as the defendant’s right to a federal forum ought not to depend upon the rapidity and accuracy with which statutory agents inform their principals of the commencement of litigation against them”);
 
 Medina v. Wal-Mart Stores, Inc.,
 
 945 F.Supp. 519, 520 (W.D.N.Y.1996) (same).
 
 Accord Baum v. Avado Brands, Inc.,
 
 No. Civ. A. 3:99-CV-0700G, 1999 WL 1034757,
 
 *233
 
 *2 n. 1 (N.D.Tex. Nov. 12, 1999) (collecting cases);
 
 1015 Half Street Corp. v. Warehouse Concepts, Inc.,
 
 No. Civ. A. 99-1174, 1999 WL 1212885, *2 (D.D.C. Oct. 26, 1999) (collecting cases);
 
 Wilbert v. UNUM Life Ins. Co.,
 
 981 F.Supp. 61, 63-64 (D.R.I. 1997) (service upon Insurance Commissioner as defendant’s statutory agent did not start removal clock).
 
 See also
 
 14C Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, Federal Practice and Procedure § 3732 (3d ed.1998) (“it now appears to be settled law that the time for seeking removal begins to run only when the defendant or someone who is serving as the defendant’s agent in fact receives the process”).
 
 Contra Bodden v. Union Oil Co.,
 
 No. CIV. A. 97-3372, 1998 WL 88048, *3 (E.D.La. Feb. 20, 1998). The rationale behind this line of cases is that a defendant can make a decision to remove only after examining the complaint; if the removal period began running upon receipt of the complaint by the statutory agent, “the privilege of a defendant to remove could be easily curtailed or abrogated completely.”
 
 Benson v. Bradley,
 
 223 F.Supp. 669, 672 (D.Minn.1963).
 

 A few courts have recognized that these equitable concerns do not apply with the same force where a defendant has hand picked an agent, like CT Corporation System here, to receive service of process.
 
 See Recyclers Consulting Group, Inc. v. IBM Japan, Ltd.,
 
 No. 96 Civ. 2137(JFK), 1997 WL 615014, *3-4 (S.D.N.Y. Oct. 3, 1997) (noting the “significant distinction” between service on a defendant’s designated agent as opposed to a statutory agent)
 
 (citing Skidaway Assocs., Ltd. v. Glens Falls Ins. Co.,
 
 738 F.Supp. 980, 982 (D.S.C.1990)). Because the result is the same whether I calculate the removal period as commencing on the date when the summons and complaint were received by CT Corporation System or by Nationwide, I find it unnecessary to decide which is the proper starting point. CT Corporation System received the initial pleading on August 17, 1999, and Nationwide received it on August 20, 1999. Nationwide filed its notice of removal on September 7, 1999, which is within 30 days from either date. Accordingly, I find that this case was timely removed.
 

 SO ORDERED.