Mary L. LILLY, Plaintiff,

v.

CSX TRANSPORTATION, INC., Defendant.

No. CIV.A.5:02–0004.

United States District Court, S.D. West Virginia, at Beckley.

Feb. 21, 2002.

James A. McKowen, James F. Humphreys & Associates, L.C., Charleston, WV, Russell N. Brahm, Brahm & Jenkins, Norfolk, VA, for plaintiff.

Fred Adkins, Luke A. Lafferre, Huddleston, Bolen, Beatty, Porter & Copen, Huntington, WV, for defendant.

## *MEMORANDUM OPINION AND ORDER*

FABER, District Judge.

Pending before the court is plaintiff's motion to remand this action to the Circuit Court of Summers County, West Virginia (doc. # 5). For the reasons stated herein, plaintiff's motion to remand is DENIED.

### *I. Background*

The complaint in this action was filed on November 16, 2001, in the Circuit Court of Summers County, West Virginia. Service was accepted on behalf of defendant CSX Transportation, Inc. ("CSX") by its statutory agent for service of process, the West Virginia Secretary of State, on November 30, 2001, pursuant to West Virginia Code § 31-1-15. The complaint was received by CSX in Jacksonville, Florida, its principal place of business, on December 7, 2001.

CSX filed a notice of removal pursuant to 28 U.S.C. § 1446(d) on January 2, 2002.

### *II. Discussion*

Plaintiff moves to remand this action pursuant to 28 U.S.C. § 1447(c), claiming that CSX's notice of removal was untimely. CSX opposes remand and claims that its notice of removal was timely. Title 28 U.S.C. § 1446(b) provides that a notice of removal is timely if it is filed within 30 days "after receipt by the defendant, through service or otherwise" of a copy of the complaint. The parties disagree on when the thirty-day time period for removal began to run in this case. Plaintiff argues that the time for removal began to run on November 30, 2001, the date the West Virginia Secretary of State was served and, therefore, that CSX's notice of removal was untimely. CSX argues that the time for removal did not begin to run until December 7, 2001, the date it actually received a copy of the complaint, and, therefore, that its notice of removal was timely.

The court notes that neither the Fourth Circuit nor any other United States Circuit Court of Appeals has addressed the question of when the thirty-day removal period begins to run when service is effected on a statutory agent for service of process. However, almost every district court that has recently addressed the issue has held that when service is effected on a statutory agent, rather than on an agent appointed by the defendant, the time to remove the action to federal court does not start to run until the defendant actually has received a copy of the complaint.* *See*

---

\* A few courts have taken a somewhat different approach, holding that the time for removal begins on the date the statutory agent mails the complaint to the defendant. *See, e.g., Masters v. Nationwide Mutual Fire Ins. Co.,* 858 F.Supp. 1184, 1186 (M.D.Fla.1994).

*Hibernia Community Development Corp., Inc. v. U.S.E. Community Services Group, Inc.,* 166 F.Supp.2d 511, 513 (E.D.La.2001) (holding that thirty-day period did not begin to run until defendant actually received the plaintiff's petition); *Auguste v. Nationwide Mutual Ins. Co.,* 90 F.Supp.2d 231, 232 (E.D.N.Y.2000) (holding that service of process upon defendant's statutory agent is not sufficient to trigger the 30–day removal period); *Monterey Mushrooms, Inc. v. Hall,* 14 F.Supp.2d 988, 991 (S.D.Tex.1998) (holding that, where service was properly made on a statutory agent, the removal period began when defendant actually received the process, not when the statutory agent received it); *Wilbert v. Unum Life Ins. Co.,* 981 F.Supp. 61, 63 (D.R.I.1997) ("When a statutory agent is served, the clock for removal does not begin ticking as it would if defendant itself had been served but rather starts when defendant receives actual notice of the service from the statutory agent."); *Pilot Trading Co. v. Hartford Ins. Group,* 946 F.Supp. 834, 839 (D.Nev.1996) (holding that, where service is effected through a statutory agent, the time for removal starts running at the time of defendant's actual receipt of the complaint); *Medina v. Wal–Mart Stores, Inc.,* 945 F.Supp. 519, 520 (W.D.N.Y.1996) (noting that " 'the time for removal, in cases in which service is made on a statutory agent, runs from receipt of the pleading by the defendant rather than the statutory agent.' ") (quoting *Cygielman v. Cunard Line, Ltd.,* 890 F.Supp. 305, 307 (S.D.N.Y.1995)); *Taphouse v. Home Ins. Co.,* 885 F.Supp. 158, 161 (E.D.Mich.1995) (holding that the time limit for removal does not begin with service on a statutory agent, but when the defendant actually receives the pleading); *Skidaway Assocs., Ltd. v. Glens Falls Ins. Co.,* 738 F.Supp. 980, 982 (D.S.C.1990) ("The law appears to be settled that service on a statutory agent ... does not start the running of the removal statute

time limitation period as would service on the defendant or an agent designated by the defendant."). *See also Tick, Tock: Rules on the Removal Clock,* 19 Rev. Litig. 47 (2000) (concluding that "the heavy weight of authority is to the effect that the time for removal in cases of service upon a statutory agent runs from the receipt of the pleading by the defendant, rather than the statutory agent."). The rationale behind this line of cases is that a defendant can make a decision to remove only after examining the complaint. If the removal period began running upon receipt of the complaint by the statutory agent, "the privilege of a defendant to remove could be easily curtailed or abrogated completely." *Benson v. Bradley,* 223 F.Supp. 669, 672 (D.Minn.1963).

The court has found only one published decision issued within the last four decades which supports plaintiff's argument that service on a statutory agent starts the thirty-day period for removal, even when the defendant has not yet actually received a copy of the complaint. *See Bodden v. Union Oil Co.,* 82 F.Supp.2d 584 (E.D.La. 1998). The *Bodden* court based its conclusion on the Fifth Circuit's opinion in *Reece v. Wal–Mart Stores, Inc.,* 98 F.3d 839, 841 (5th Cir.1996), which was abrogated by the Supreme Court in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 355–56, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999).

In *Reece,* a plaintiff filed suit against a corporation and one of its employees in state court. *Reece,* 98 F.3d at 841. Plaintiff mailed a copy of her original petition to the defendant corporation's Chief Executive Officer and two months later, served process on the defendant corporation. *Id.* Seventy-seven days after receiving a copy of the original petition and seventeen days after service of process, the defendant corporation filed a Notice of Removal in

which it argued that plaintiff had fraudulently joined one of the corporation's employees in an attempt to defeat diversity jurisdiction. *Id.* Plaintiff filed a Motion to Remand which was denied, and after a trial on the merits, the district court granted judgment in favor of the defendants. *Id.* Plaintiff appealed the district court's denial of her Motion to Remand, and the Fifth Circuit reversed, stating that "according to the statute, the thirty-day period begins when the defendant receives a copy of the initial pleading through any means, not just service of process." *Id.*

In *Murphy Brothers,* the Supreme Court overturned the *Reece* rule because it opened up the possibility that a person's "procedural rights [might] slip away before service of a summons, i.e., before one is subject to any court's authority." *Murphy Bros.,* 526 U.S. at 356, 119 S.Ct. 1322. Because *Bodden* was based on *Reece* and because it is contrary to the general rule, the court declines to adopt the *Bodden* holding.

The court is persuaded by the reasoning in the cases following the majority view and finds that, where service of process is effected on a statutory agent, the time for removal does not begin to run until the defendant has actually received a copy of the process.

### III. Conclusion

Because plaintiff served process on a statutory agent, defendant's motion to remand was not due until thirty days after defendant actually received a copy of the complaint. Thus, defendant's notice of removal, filed on January 2, 2002, was timely. Accordingly, plaintiff's motion to remand is DENIED.

The Clerk is directed to mail copies of this Memorandum Opinion and Order to counsel of record and to publish a copy on the court's website at www.wvsd.uscourts.gov.